■ In the Matter of BARBARA J. SKIFF-MURRAY, Respondent-Appellant, v KEVIN R. MURRAY, Appellant-Respondent. [760 NYS2d 564] —Rose, J. Cross appeals from an order of the Family Court of Washington County (Breen, J.), entered March 1, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support.

In the course of a divorce action commenced by respondent in 1997, Supreme Court referred custody, visitation and support proceedings to Family Court. In June 2000, Family Court (Austin, J.) awarded sole custody of the children to petitioner, which order was ultimately affirmed by this Court (*Matter of Murray v Skiff-Murray,* 289 AD2d 805 [2001]). In May 2001,

following seven days of hearings regarding child support, a Hearing Examiner ordered respondent to pay support in the amount of $1,252 per month, and denied petitioner's request for counsel fees in light of the substantial amounts respondent owed for child support arrears and was to pay in the future. In its March 1, 2002 order upon objections, Family Court amended the Hearing Examiner's decision by imputing to respondent various sources of income aggregating $93,000 and calculating his total child support obligation at $1,875 per month. Family Court also confirmed the denial of petitioner's request for counsel fees. Respondent then appealed and petitioner cross-appealed.

On these appeals, respondent moved to strike certain judicial documents placed in an addendum to petitioner's brief. These documents comprise subsequent findings and orders in this proceeding indicating that respondent refused to attend trial in the divorce action, voluntarily departed the state, and willfully disobeyed the March 2002 child support order resulting in a bench warrant and order of commitment. Petitioner opposed the motion and cross-moved for dismissal of respondent's appeal on the ground that his current status as a fugitive from the jurisdiction of the trial courts invokes the fugitive disentitlement doctrine. We denied respondent's motion without prejudice to a later determination as to whether to take judicial notice of the proffered documents on petitioner's cross motion. Now, upon consideration of the cross motion, we find that dismissal of respondent's appeal is warranted.

The fugitive disentitlement doctrine permits a court to "dismiss an appeal * * * if the party seeking relief is a fugitive while the matter is pending" (*Degen v United States,* 517 US 820, 824 [1996]; *see Ortega-Rodriguez v United States,* 507 US 234, 242 [1993]). The doctrine is based on the inherent power of courts to enforce their judgments (*see Degen v United States, supra* at 823), and it has long been recognized and applied to those who evade the law while simultaneously seeking its protection (*see Bonahan v Nebraska,* 125 US 692 [1887]; *Smith v United States,* 94 US 97 [1876]). Some federal and state courts have extended this equitable doctrine to dismiss appeals in civil cases as long as there is a nexus between the appellant's fugitive status and the appellate proceedings (*see e.g. Empire Blue Cross & Blue Shield v Finkelstein,* 111 F3d 278, 280/281 [1997]; *Matsumoto v Matsumoto,* 171 NJ 110, 792 A2d 1222 [2002]; *Scelba v Scelba,* 342 SC 223, 535 SE2d 668 [2000]).

Although no New York appellate court has adopted the fugitive disentitlement doctrine by name, the Appellate Division in

each department and the Court of Appeals have dismissed fugitives' appeals in criminal proceedings on the comparable ground that "the appellant is not presently available to obey the mandate of the Court in the event of an affirmance" (*People v Sullivan,* 28 NY2d 900, 901 [1971]; *see People v Figueroa,* 82 NY2d 819 [1993]; *People v Del Rio,* 14 NY2d 165, 169-170 [1964], *cert denied* 379 US 939 [1964]; *People v Hernandez,* 266 AD2d 116 [1st Dept 1999]; *People v Howe,* 256 AD2d 476 [2nd Dept 1998]; *People v Jones,* 245 AD2d 1144 [4th Dept 1997]; *People v Hampton,* 226 AD2d 824, 825 [3d Dept 1996]).

The Court of Appeals and the First Department have also used this "unavailable to obey" ground to dismiss appeals in civil proceedings where the appellant was a fugitive who could not be compelled to obey the underlying court mandate because it was being both appealed and evaded at the same time (*see Matter of Gerald G.G.,* 46 NY2d 1036 [1979]; *Matter of Grady,* 37 AD2d 955 [1971]; *James v Powell,* 27 AD2d 814 [1967], *appeal dismissed* 19 NY2d 984 [1967]). In each of these New York cases, the doctrine's requirement for a sufficient nexus between the appeal and the appellant's fugitive status was satisfied because the appellant's absence frustrated the civil judgment (*compare Degen v United States, supra* at 825-29 [holding that flight from criminal prosecution did not justify disentitlement in a related civil proceeding because it did not impair the civil court's judgment]).

On her cross motion here, petitioner asserts that respondent willfully and deliberately removed himself from the jurisdiction of the New York courts by transferring his assets, leaving the state and failing to appear in proceedings to enforce the March 2002 support order. There are no contentions to the contrary. In addition, we take judicial notice of the subsequent orders submitted by petitioner to the extent that they establish respondent's absence and default in Family Court proceedings involving the very order from which he seeks relief on appeal. Thus, we find that respondent has willfully made himself unavailable to obey the mandate of the Family Court in the event of an affirmance, and grant petitioner's cross motion for dismissal of his appeal on that ground.

As to petitioner's contention that Family Court erred in denying her counsel fees, we note that Family Court confirmed the Hearing Examiner's observations that the issues were excessively litigated by her counsel and that respondent's support obligation was already substantial. Family Court also observed that petitioner failed to comply with the court's directive to cooperate with respondent in obtaining the hearing transcripts.

In view of these circumstances, we find no basis to disturb Family Court's exercise of its discretion in denying counsel fees (*see Matter of Baker v Baker,* 291 AD2d 751, 754 [2002]).

Finally, we have considered petitioner's contention that Family Court should have ordered a greater amount of child support and find it to be without merit.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs. Ordered that petitioner's cross motion is granted, without costs, and respondent's appeal is dismissed, without prejudice to renewal in the event that respondent submits himself to the jurisdiction of the Family Court of Washington County and posts a bond in the full amount of the judgment awarded to petitioner in Family Court's order of disposition entered on June 24, 2002.