■ In the Matter of JOSHUA M., Respondent, v DIMARI N., Appellant. (And Another Related Proceeding.) [780 NYS2d 218]—

Cardona, P.J. Appeals (1) from an order of the Family Court of Albany County (Duggan, J.), entered September 30, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for temporary custody of the parties' child, and (2) from an order of said court, entered November 15, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 5, to adjudicate petitioner as the father of the child.

On November 29, 2001, petitioner commenced these proceedings seeking to establish paternity of a child born to respondent in August 2001, as well as a determination of custody and/or visitation. At a hearing held on April 25, 2002, petitioner essentially testified that he had a sexual relationship with respondent, who was not married, from September 1997 to November 2000. He further indicated that one week after the child was born, respondent admitted that he was the father of the child. Thereafter, petitioner stated that he supported the child by purchasing diapers, clothing and formula until he lost his job. He also testified that he visited the child on many occasions. Respondent offered the testimony of her mother and aunt who failed to significantly contradict petitioner's allegations.

Procedurally, Family Court had directed the parties and the child to submit to blood draws for DNA analysis on February 27, 2002. By the April 25, 2002 hearing, petitioner had complied, however, respondent and the child had not. The case was adjourned to May 31, 2002 to complete blood testing and review the DNA results. At that court appearance, respondent, who had not submitted to blood testing, requested that she and the child be permitted to have blood drawn in New Jersey where she allegedly resided with the child. In responding to petitioner's request that respondent be held in contempt for disobeying the court's directive, the court indicated that if she did not complete the testing, the hearing would continue and the court would strike the testimony offered on her behalf, making a decision only on the proof presented by petitioner. Respondent stated that she understood and agreed to those conditions; however, she failed to appear for blood draws in New Jersey. On September 6, 2002, Family Court issued a warrant for her arrest. Respondent failed to appear for the continuation of the hearing on September 30, 2002. Family Court proceeded with the hearing and determined petitioner to be the father. The court also issued a temporary order of protection which granted petitioner temporary custody, suspended respondent's visitation and directed petitioner to set up a DNA blood draw with the court. Respondent, pro se, appealed both orders and, by new counsel, applied for an order to show cause, which, among other things, would require the court to vacate the temporary order of protection and the arrest warrant upon the completion of the DNA sampling process. Family Court declined to sign that application, finding that respondent was prohibited from seeking affirmative relief while a fugitive from justice.

Respondent's appellate counsel now seeks to be relieved of her assignment in accordance with *Anders v California* (386 US

738, 744 [1967]; *see People v Stokes*, 95 NY2d 633 [2001]) on the ground that no nonfrivolous appealable issues exist. We agree. Initially, we note that no appeal lies from an order entered on default (*see* CPLR 5511). Therefore, respondent cannot appeal the order of filiation or the temporary order of protection granting petitioner temporary custody entered upon her default. The proper course is to move to vacate the default and, if necessary, appeal from the denial of that motion (*see Matter of Shabazz v Blackmon*, 274 AD2d 770 [2000], *lv dismissed* 95 NY2d 945 [2000]).

As for the order to show cause, as indicated, Family Court invoked the fugitive disentitlement doctrine (*see Peppin v Lewis*, 194 Misc 2d 151 [2002]) and declined to sign it. When applied at the appellate level, "[t]he fugitive disentitlement doctrine permits a court to 'dismiss an appeal . . . if the party seeking relief is a fugitive while the matter is pending' " (*Matter of Skiff-Murray v Murray*, 305 AD2d 751, 752 [2003], quoting *Degen v United States*, 517 US 820, 824 [1996]). The doctrine extends to "appeals in civil cases as long as there is a nexus between the appellant's fugitive status and the appellate proceedings" (*Matter of Skiff-Murray v Murray, supra* at 752). Here, by her default and absence, respondent is evading the very orders from which she seeks appellate relief and "has willfully made [herself] unavailable to obey the mandate of Family Court in the event of an affirmance" (*id.* at 753). In our view, the fugitive disentitlement doctrine provides a further basis for dismissal of respondent's appeals.

Accordingly, counsel's application to be relieved of her assignment as counsel for respondent is granted and the appeals are dismissed.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the appeals are dismissed, without costs, and application to be relieved of assignment granted.