In the Matter of TRADALE CC., a Child Alleged to be Neglected. SULLIVAN COUNTY DEPARTMENT OF FAMILY SERVICES, Respondents; TIFFANY DD., Appellant. [859 NYS2d 288]—

Kane, J. (1) Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered July 26, 2007, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner's motion for summary judgment adjudicating respondent's child to be derivatively neglected, and (2) motion to dismiss the appeal.

Petitioner commenced this proceeding alleging that respondent neglected her child, Tradale CC. (born in 2007), based upon her adjudicated neglect of four other children and her failure to comply with prior dispositional orders. Family Court granted petitioner's motion for summary judgment, finding that respondent derivatively neglected the subject child. The court left the child in respondent's care, but imposed numerous conditions. Respondent appeals.

Petitioner moved to dismiss this appeal based upon the fugitive disentitlement doctrine, which applies to individuals "who evade the law while simultaneously seeking its protection" (*Wechsler v Wechsler*, 45 AD3d 470, 472 [2007]). The doctrine "permits a court to dismiss civil appeals where the party seeking relief is a fugitive while the matter is pending, provided that there is a nexus between the appellant's fugitive status and the matter being appealed" (*Matter of Morgaine JJ.*, 31 AD3d 931,

932 [2006] [internal quotation marks and citations omitted]; *see Matter of Skiff-Murray v Murray*, 305 AD2d 751, 752 [2003]). Part of the purpose of the doctrine is to disentitle a person from calling upon the court's resources to determine an appeal when that person " 'has willfully made [herself] unavailable to obey the mandate of Family Court in the event of an affirmance' " (*Matter of Joshua M. v Dimari N.*, 9 AD3d 617, 619 [2004], quoting *Matter of Skiff-Murray v Murray*, 305 AD2d at 753; *see Molinaro v New Jersey*, 396 US 365, 366 [1970]).

While this appeal has been pending, respondent absconded with the child, was arrested pursuant to a Family Court warrant, had the child removed from her care, absconded again without the child, was arrested on an unrelated matter and is presently incarcerated in Sullivan County. Considering respondent's current availability to follow any court mandates in the event of an affirmance, and this Court's discretion in applying the fugitive disentitlement doctrine, we deny petitioner's motion and decline to dismiss the appeal pursuant to that doctrine.

Turning to the merits, Family Court did not err in granting petitioner's motion for summary judgment. Summary judgment is an appropriate procedural device to be used in Family Ct Act article 10 proceedings where no triable issues of fact exist (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182 [1994]; *Matter of Doe*, 47 AD3d 283, 284 [2007], *lv denied* 10 NY3d 709 [2008]; *see also* Family Ct Act § 165 [a]). Derivative neglect is established where the evidence demonstrates an impairment of parental judgment to the point that it creates a substantial risk of harm for any child left in that parent's care, and the prior neglect determination is sufficiently proximate in time to reasonably conclude that the problematic conditions continue to exist (*see Matter of Suzanne RR.*, 35 AD3d 1012, 1012-1013 [2006]).

Here, Schenectady County Family Court entered the original adjudication of neglect concerning respondent's four older children in 2004, based upon respondent's failure to provide for their educational, medical and supervision needs due to her abuse of alcohol. She received services in that county until her case was transferred to Sullivan County. In March 2005, a neglect petition was filed in Sullivan County alleging that respondent failed to comply with the conditions of the dispositional order and continued in her inability to provide for the children's needs due to her misuse of alcohol. The children were removed from respondent's care at that time and have not been returned to her. An order of neglect was entered by Sullivan County Family Court in June 2005. The court again ordered respondent to

attend substance abuse treatment until positively discharged, along with numerous other conditions similar to those previously imposed. In October 2005, in an order addressing extension of placement, the court found that respondent failed to complete substance abuse treatment and failed to comply with other conditions as well. In an April 2006 permanency order, the court found that respondent was homeless, unemployed and had still failed to complete ordered treatment; the order again imposed the previous conditions, including completion of substance abuse treatment. An October 2006 order contained similar findings and imposed conditions that respondent attend parenting classes, mental health counseling and substance abuse treatment, as well as comply with the June 2005 dispositional order. While the actual adjudications of neglect were somewhat remote in time, the court had repeatedly found that respondent failed to comply with the dispositional orders from either adjudication and the conditions which led to those adjudications persisted (*compare Matter of Amber C.*, 38 AD3d 538, 541 [2007], *lv denied* 8 NY3d 816 [2007]).

In February 2007, when petitioner filed the neglect petition with respect to the newborn, Tradale, which is the subject of this appeal, the older children had been out of respondent's custody for almost two years. The verified petition and affirmation on the motion for summary judgment alleged that respondent continued to use excessive corporal punishment to such a degree that her contact with the children had to be supervised. Despite continued problems with alcohol abuse, and repeated orders that she obtain treatment, respondent did not comply with or was unsatisfactorily discharged from treatment programs. She also failed to obtain mental health counseling, stable housing or gainful employment, nor did she attend parenting classes as ordered. The verified petition further alleged that at the time it was filed, respondent lived with a registered sex offender who had engaged in domestic violence against her. In response to the motion, respondent merely submitted an attorney affirmation denying some of the allegations and alleging recent cooperation and attempts to engage in services—after Tradale was born and the petition was filed—without proof from respondent herself or anyone with firsthand knowledge. Thus, she failed to present proof in admissible form sufficient to raise issues of fact to warrant denial of the motion (*cf. Matter of Hannah UU.*, 300 AD2d 942, 944-945 [2002], *lv denied* 99 NY2d 509 [2003]). The uncontradicted facts alleged in the petition and motion papers established by a preponderance of the evidence that respondent derivatively neglected Tradale (*see Matter of Suzanne RR.*, 35 AD3d at 1012-1013).

Mercure, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the motion is denied, without costs. Ordered that the order is affirmed, without costs.