■ In the Matter of QUINTON GG. and Others, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSICA HH., Appellant, et al., Respondent. [921 NYS2d 652]—

Lahtinen, J.

Respondent Jessica HH. (hereinafter the mother) and respondent Edward GG. (hereinafter the father) are the parents of three children, born in 2003, 2001 and 1999. The mother and the father reportedly had a history of alcohol and substance abuse, and the children had previously been removed from their custody because of neglect. After completing various programs, the children had been returned to the custody of the mother and the father. However, in January 2010, the mother engaged in domestic abuse against the father (who reportedly had been drinking excessively) by repeatedly striking him in the head with a frying pan. The children were present in the trailer when the incident occurred. Shortly thereafter, relatives of the children petitioned for custody. While the custody proceedings were pending, petitioner commenced this neglect proceeding in March 2010. In April 2010, orders were entered in the custody proceedings granting custody of the two youngest children to one relative and custody of the oldest child to another relative. The mother then moved to dismiss the neglect petition on the ground that the custody orders made the neglect proceeding unnecessary (*see* Family Ct Act § 1051 [c]), and she also requested summary judgment asserting that there were no triable issues showing neglect. Alternatively, she sought an adjournment in

contemplation of dismissal (see Family Ct Act § 1039). Family Court denied the motion in its entirety and the mother now appeals.

We affirm. A motion to dismiss pursuant to Family Ct Act § 1051 (c) need not be granted where Family Court is not persuaded that intervening custody orders will adequately protect the children (see Matter of Sharnaza Q. [Clarence W.], 68 AD3d 436 [2009]; Matter of Mary Kate VV., 59 AD3d 873, 874 [2009], lv denied 12 NY3d 711 [2009]; Matter of Lewis T., 249 AD2d 646, 647-648 [1998]; Matter of Diana Y., 246 AD2d 340, 340 [1998]). Here, the custody orders granted visitation as agreed to and arranged between the custodial relatives and the mother, with no involvement by or notice to petitioner. Family Court noted that the orders were also subject to modification without notice to petitioner and that, if the neglect proceeding were dismissed, petitioner would have no authority to work with the mother or the children. In light of these circumstances, we find that Family Court did not err in denying the mother's motion to dismiss under Family Ct Act § 1051 (c).

Turning to the mother's request for summary judgment, while such relief may be granted in a neglect proceeding, "it remains a drastic procedural device which will be found appropriate only in those circumstances when it has been clearly ascertained that there is no triable issue of fact outstanding; issue finding, rather than issue determination, is its function" (Matter of Hannah UU., 300 AD2d 942, 943 [2002], lv denied 99 NY2d 509 [2003] [internal quotation marks and citation omitted]; see Matter of Tradale CC., 52 AD3d 900, 901 [2008]). In the face of the allegations in the verified petition, the mother failed to meet her threshold burden of demonstrating that there were no triable issues and that the petition should be dismissed as a matter of law. Summary judgment was thus properly denied.

Finally, Family Court properly denied the mother's request for an adjournment in contemplation of dismissal since petitioner did not consent to such action as required by statute (see Family Ct Act § 1039 [a]; Matter of Brandon B., 272 AD2d 953 [2000]).

Peters, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.