In the Matter of JADALYNN HH., a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROY HH., Appellant. [941 NYS2d 756]—

---

* The mother of the children surrendered her parental rights.

Lahtinen, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered May 13, 2011, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner's motion for summary judgment adjudicating respondent's child to be neglected.

Respondent is the father of a child born in 2010. Petitioner commenced this neglect proceeding about three months after the child's birth alleging that respondent had previously been found, in orders issued between 2006 and 2008, to have neglected four of his prior children. It further asserted that, at a time when the mother of the child involved in this proceeding was approximately seven months pregnant, respondent tackled her, placed her in a headlock and punched her in the stomach, inflicting injuries that required medical treatment. In addition, shortly after the child was born, and in violation of a protective order, respondent allegedly restrained the mother in a chair, screamed at her and struck her in the face as he held the child. Both of these incidents resulted in multiple criminal charges being filed against respondent, who eventually pleaded guilty to charges regarding each incident and was incarcerated. Petitioner moved for summary judgment on its neglect petition, and the attorney for the child joined in urging Family Court to grant the motion. In opposition, respondent submitted only a cursory affirmation from his attorney contending that petitioner had failed to produce adequate proof in admissible form supporting its motion. Family Court granted the motion and respondent appeals.

We affirm. Although summary judgment is a drastic remedy, it nonetheless remains "an appropriate procedural device to be used in Family Ct Act article 10 proceedings where no triable issues of fact exist" (*Matter of Tradale CC.*, 52 AD3d 900, 901 [2008]; *see Matter of Doe*, 47 AD3d 283, 285 [2007], *lv denied* 10 NY3d 709 [2008]; *Matter of Kali-Ann E.*, 27 AD3d 796, 798 [2006], *lv denied* 7 NY3d 704 [2006]). Petitioner submitted in support of its motion, among other things, an affidavit from its caseworker, certified copies of the accusatory instruments (including several witnesses' supporting depositions pursuant to CPL 100.20) for the criminal charges arising from the same conduct alleged in the petition, certificates of conviction regarding those crimes and orders of protection. Family Court was asked to take judicial notice of the four prior findings of neglect, resulting from proceedings over which it presided. The attorney for the child, who represented two of respondent's older children who had previously been found neglected, set forth

pertinent facts in an affidavit. Petitioner's proof established a continuous pattern of acute domestic violence inflicted by respondent not only on adults but also on his children and often done in disregard of protective orders. He had been adjudicated to have neglected four older children and he pleaded guilty to crimes arising out of his physical violence against the child's mother. We find the proof in the record sufficient to establish neglect. Respondent offered no proof in opposition to the motion and his procedural argument is unavailing. The motion was properly granted.

Mercure, A.P.J., Spain, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.