Rose, J.
Appeals (1) from an order of the Family Court of Broome County (Charnetsky, J.), entered September 27, 2010, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner’s motion for summary judgment adjudicating respondents’ child to be derivatively neglected, and (2) from an order of said court (Connerton, J.), entered March 24, 2011, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents’ child to be neglected.
Respondent Madelyn D. (hereinafter the mother) and respondent Direll D. (hereinafter the father) are the married parents of six children, the youngest of whom, Xiomara D. (born 2010), is the subject of this proceeding. Shortly after the youngest child’s birth, petitioner removed her from respondents’ custody and commenced this neglect proceeding alleging that she was derivatively neglected because respondents had twice been found to have neglected their other children in 2008 by committing mutual acts of domestic violence in their presence, and those five children have since remained in foster care. Petitioner further asserted that, among other things, both parents had failed to adequately address their domestic violence issues through available preventive services as required by the prior dispositional orders.
In July 2010, petitioner moved for summary judgment on its amended neglect petition, relying, in part, on the two prior findings of neglect and requesting Family Court (Charnetsky, J.) to take judicial notice of respondents’ testimony at a May 2010 hearing held pursuant to Family Ct Act § 1028, over which the *1240 court had presided. In opposition, respondents submitted affidavits stating that they had engaged in services and, therefore, a question of fact remained as to whether the circumstances which led to the prior neglect adjudications continued to exist. Following oral argument, Family Court granted petitioner’s motion, finding that although respondents may have attempted to participate in certain services, they had not substantially benefitted to the extent that the five older children could be returned to them and, thus, no material questions of fact existed on the issue of derivative neglect. Family Court (Connerton, J.) later held a full dispositional hearing and issued an order adjudicating the child to be neglected and continuing her placement in petitioner’s care. Respondents now appeal from the order granting summary judgment, and the father also appeals from the order of disposition. We affirm.
Although it is a drastic procedural device, Family Court is authorized to grant summary judgment in a neglect proceeding where no triable issue of fact exists (see Matter of Jadalynn HH. [Roy HH.], 93 AD3d 1112, 1113 [2012]; Matter of Quinton GG. [Jessica HH.], 82 AD3d 1557, 1558 [2011]; Matter of Hannah UU,.300 AD2d 942, 943 [2002], lv denied 99 NY2d 509 [2003]). “Derivative neglect is established where the evidence demonstrates an impairment of parental judgment to the point that it creates a substantial risk of harm for any child left in that parent’s care, and the prior neglect determination is sufficiently proximate in time to reasonably conclude that the problematic conditions continue to exist” (Matter of Tradale CC., 52 AD3d 900, 901 [2008]; see Matter of Michael N. [Jason M.], 79 AD3d 1165, 1167-1168 [2010]; Matter of Suzanne RR., 35 AD3d 1012, 1012-1013 [2006]).
Here, Family Court twice entered orders of neglect with regard to respondents’ other children based primarily upon respondents’ repeated and escalating acts of serious domestic violence committed against each other in the children’s presence. As a result of those adjudications in 2008, respondents were ordered to, among other things, participate in domestic violence and anger management counseling, and orders of protection were issued that prohibited respondents from having contact with each other. In support of its motion for summary judgment, petitioner pointed to respondents’ concessions at the Family Ct Act § 1028 hearing that they had violated the no-contact order of protection — which has since expired — when they conceived the child, and that they currently reside together. Additionally, petitioner’s proof established that the father had not taken a specific court-ordered domestic violence program, *1241 had not completed any domestic violence or anger management classes and, within the prior year, he and the mother had been involved in a domestic incident that resulted in the police being called to the father’s place of work. Further, although the mother had completed a domestic violence course, she was taking it for a second time because the instructors felt she had not benefitted from it. This evidence alone was sufficient to establish a prima facie case that the subject child was derivatively neglected, inasmuch as respondents’ failure to complete services since the 2008 adjudications and their conceded violation of the order of protection, together with their current cohabitation, demonstrated that the problematic conditions which led to the prior adjudications continued to exist (see Matter of Michael N. [Jason M.], 79 AD3d at 1168; Matter of Tradale CC., 52 AD3d at 901-902; Matter of Hannah UU., 300 AD2d at 944).
In opposition, respondents submitted affidavits asserting that they had completed and benefitted from the appropriate services. However, respondents conceded that they had violated the order of protection, as the child was conceived during a time when that order was in place, and that they are currently living together and intend to remain together despite the fact that neither party had yet successfully completed a domestic violence program. The proximity of the prior adjudications of neglect, in conjunction with respondents’ failure to comply with the dispositional orders from either adjudication, demonstrate that the conditions which led to those adjudications have not been addressed and continue to exist (see Matter of Tradale CC., 52 AD3d at 902; compare Matter of Amber C., 38 AD3d 538, 541 [2007] , lv denied 8 NY3d 816 [2007], lv dismissed 11 NY3d 728 [2008] ). While respondents may have attempted — and recently completed — some of the services required by the prior dispositional orders, this does not raise a material question of fact as to whether the child was neglected. It is relevant to the disposition instead, and not to the adjudication of derivative neglect (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 80 [1995]; Matter of Paige WW. [Charles XX.], 71 AD3d 1200, 1203-1204 [2010]; Matter of Hannah UU., 300 AD2d at 945). Accordingly, petitioner established by a preponderance of the evidence that respondents derivatively neglected the child, and respondents’ assertions that they have attempted to complete preventative services are insufficient to defeat petitioner’s motion for summary judgment.
Turning to the dispositional order, we reject the father’s contention that continuing the child in petitioner’s custody was not in her best interest and lacked a sound and substantial *1242 basis in the record (see Matter of Kole HH. [Thomas HH.], 84 AD3d 1518, 1519 [2011]; Matter of Elijah Q., 36 AD3d 974, 976 [2007], lv denied 8 NY3d 809 [2007]; Matter of Alaina E., 33 AD3d 1084, 1087 [2006]). The evidence adduced at the dispositional hearing further established that respondents have failed to adequately address their domestic violence issues through services and have repeatedly refused to cooperate with petitioner. The father testified that, in October 2011, he called the police because the mother broke two windows at his apartment while respondents were arguing. The mother was criminally charged as a result of that incident. Additionally, the father, although having completed a domestic violence course by the time of the dispositional hearing, acknowledged that he had not successfully completed an anger management class, testified that he would not take a course directed toward victims of domestic violence and that he did not believe an order of protection between himself and the mother was necessary. Under these circumstances, we decline to disturb the determination of Family Court (Connerton, J.) that placing the child in petitioner’s custody was in her best interest (see Matter of Keaghn Y. [Heaven Z.], 84 AD3d 1478, 1479 [2011]; Matter of Kaleb U. [Heather V.— Ryan U.], 77 AD3d 1097, 1099-1100 [2010]; Matter of Brandon DD. [Jessica EE.], 74 AD3d 1435, 1437 [2010]).
Peters, P.J., Mercure, Lahtinen and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.