# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**708**

**CAF 13-02031**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF TERIZA SHEHATOU,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

EMAD LOUKA, RESPONDENT-APPELLANT.

---

DIBBLE & MILLER, P.C., ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR RESPONDENT-APPELLANT.

ALDERMAN AND ALDERMAN, SYRACUSE (EDWARD B. ALDERMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

SUSAN BASILE JANOWSKI, ATTORNEY FOR THE CHILDREN, LIVERPOOL.

---

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered February 14, 2013 in a proceeding pursuant to Family Court Act article 4. The order applied the fugitive disentitlement doctrine and dismissed the "petition" of respondent to vacate various court orders.

It is hereby ORDERED that said appeal is unanimously dismissed without costs and respondent is granted leave to move to reinstate the appeal upon the posting of an undertaking with Family Court, Onondaga County, in the amount of $25,000 within 60 days of service of a copy of the order of this Court with notice of entry.

Memorandum: Family Court issued an order, entered upon respondent's default, in which it determined that respondent is in willful violation of a prior support order. As a consequence thereof, the court issued a further order committing respondent to six months of incarceration, and also issued a warrant for respondent's arrest. Respondent filed an application by order to show cause seeking, inter alia, to vacate both orders. The court refused to sign the order to show cause seeking to vacate the orders and, in its "order of dismissal," determined that the fugitive disentitlement doctrine applies to respondent inasmuch as respondent — a California resident who is now the subject of an arrest warrant in this State, but who refuses to return to this State — was attempting to "evade the law while simultaneously seeking its protection" (*Matter of Skiff-Murray v Murray*, 305 AD2d 751, 752-753; *see Matter of Gerald G.G.*, 46 NY2d 813, 813). Respondent appeals from the order of dismissal.

Contrary to respondent's contention, the court properly

determined that the fugitive disentitlement theory applied to his application (*see Wechsler v Wechsler*, 45 AD3d 470, 473), and we conclude that the fugitive disentitlement doctrine also applies to this appeal (*see id*. at 474; *Matter of Joshua M. v Dimari N.*, 9 AD3d 617, 619). By respondent's "default and absence, [he] is evading the very orders from which [he] seeks appellate relief and 'has willfully made [himself] unavailable to obey the mandate of the [court] in the event of an affirmance' " (*Joshua M.*, 9 AD3d at 619; *see Skiff-Murray*, 305 AD2d at 752-753). We therefore dismiss the appeal and grant leave to respondent to move to reinstate it on the condition that, within 60 days of service of a copy of the order of this Court with notice of entry, he posts an undertaking with the court in the amount of $25,000, i.e., the amount of child support respondent owed at the time the court determined that he willfully violated the prior support order (*see Wechsler*, 45 AD3d at 474; *see generally Gerald G.G.*, 46 NY2d at 813). In light of our determination, we decline to reach respondent's remaining contentions.

Entered: June 13, 2014

Frances E. Cafarell
Clerk of the Court