Lahtinen, J.E
Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered February 7, 2013, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner’s motion for summary judgment adjudicating the subject child to be derivatively neglected, abused and severely abused.
In 2010, Family Court determined that respondent had neglected, abused and severely abused the daughter (born 1998) of his former cohabitant based upon its finding that he had sexual intercourse with the child several times, including in November 2008. As a result, Family Court further determined that respondent’s six biological children (born to three different women) and one stepchild were derivatively neglected, abused and severely abused. We affirmed those orders (Matter of Ramsey H. [Benjamin K.], 99 AD3d 1040, 1041 [2012], lv denied 20 NY3d 858 [2013]). When another child (Ilonni I.) was born to respondent and his wife in 2012, petitioner commenced this proceeding alleging derivative neglect, abuse and severe abuse of the newly-born child based on the prior determinations and respondent’s failure to complete services. Petitioner moved for summary judgment and Family Court granted the motion. Respondent appeals.
“ ‘Although it is a drastic procedural device, Family Court is authorized to grant summary judgment in a neglect proceeding where no triable issue of fact exists’ ” (Matter of Alyssa WW. [Clifton WW.], 106 AD3d 1157, 1158 [2013], quoting Matter of Xiomara D. [Madelyn D.], 96 AD3d 1239, 1240 [2012]). Neglect or abuse of one child typically may not serve as the sole support for a finding of derivative abuse or neglect; however, where the proof of “past neglect and abuse demonstrably ‘ evidence [s] fundamental flaws in the respondent’s understanding of the duties of parenthood, proof of abuse or neglect of other children is alone sufficient to sustain a finding of abuse or neglect of another child’ ” (Matter of Michael N. [Jason M.], 79 AD3d 1165, *998 1167 [2010], quoting Matter of Evelyn B., 30 AD3d 913, 915 [2006], lv denied 7 NY3d 713 [2006]; see Matter of Kayden E. [Luis E.], 111 AD3d 1094, 1096 [2013], lv denied 22 NY3d 862 [2014]). A prior determination should be “sufficiently proximate in time to reasonably conclude that the problematic conditions continue to exist” (Matter of Tradale CC., 52 AD3d 900, 901 [2008]), but “there is no ‘bright-line, temporal rule beyond which we will not consider older child protective determinations’ ” (Matter of Paige WW. [Charles XX.], 71 AD 3d 1200, 1203 [2010], quoting Matter of Evelyn B., 30 AD3d at 915).
Here, petitioner established a prima facie case for summary judgment with the affidavit of its counsel setting forth the prior proceedings, the Family Court records of such proceedings and an affidavit from a caseworker. The nature of the acts that Family Court had found in the 2010 proceedings as having been perpetrated upon a child entrusted to respondent’s care established a fundamental defect in respondent’s understanding of parental duties. The caseworker set forth, among other things, respondent’s failure to complete preventive services, including sex offender treatment. Although respondent’s affidavit in opposition offered explanations for his inability to complete some services, he acknowledged that he had not yet completed sex offender treatment. Given the nature of the 2008 acts found in the 2010 proceedings, together with the fact that respondent is still in, but has not yet successfully completed, sex offender treatment, we are unpersuaded that Family Court erred in granting summary judgment (see Matter of Xiomara D. [Madelyn D.], 96 AD3d at 1241; Matter of Tradale CC., 52 AD3d at 901-902).
Respondent further argues that Family Court violated his due process rights by ruling on petitioner’s motion for summary judgment at a court proceeding where neither he nor his counsel was present. Family Court’s decision regarding the motion was set forth orally on the record on a scheduled trial date. Significantly, respondent had been given notice of the court date, respondent’s papers in opposition to the motion had been submitted prior to the court date and Family Court did not entertain any argument on the motion from those present in court. Thus, without considering further evidence or argument, the court simply decided the motion orally on the record based upon previously submitted papers. Under such circumstances, respondent’s due process rights were not violated (compare Matter of Jeffrey JJ. v Stephanie KK., 88 AD3d 1083, 1084 [2011]).
Stein, Egan Jr., Devine and Clark, JJ., concur.
Ordered that the order is affirmed, without costs.