# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1304.1**
**CAF 13-02031**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF TERIZA SHEHATOU,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

EMAD LOUKA, RESPONDENT-APPELLANT.

---

DIBBLE & MILLER, P.C., ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR RESPONDENT-APPELLANT.

ALDERMAN AND ALDERMAN, SYRACUSE (EDWARD B. ALDERMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

SUSAN BASILE JANOWSKI, ATTORNEY FOR THE CHILDREN, LIVERPOOL.

---

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered February 14, 2013 in a proceeding pursuant to Family Court Act article 4. The order, insofar as appealed from, applied the fugitive disentitlement doctrine to respondent.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following Memorandum: We previously dismissed respondent's appeal from an "order of dismissal" entered by Family Court upon declining to sign an order to show cause seeking to vacate two orders entered on respondent's default. One of the orders determined that respondent was in willful violation of a child support order, and the other order committed him to a term of six months of incarceration (*Matter of Shehatou v Louka*, 118 AD3d 1357). The court also issued a warrant for respondent's arrest (*id.*). We determined that the fugitive disentitlement theory applied both to respondent's order to show cause to vacate the default orders and to the subsequent appeal (*id.* at 1358). We nevertheless granted respondent leave to move to reinstate his appeal upon the posting of an undertaking in the amount of $25,000 with the court within 60 days of service of our order with notice of entry (*id.*). Respondent timely posted the undertaking and his motion to reinstate the appeal was granted by this Court.

"The principal rationales for the doctrine [of fugitive disentitlement] include: (1) assuring the enforceability of any decision that may be rendered against the fugitive; (2) imposing a

penalty for flouting the judicial process; (3) discouraging flights from justice and promoting the efficient operation of the courts; and (4) avoiding prejudice to the nonfugitive party" (*Wechsler v Wechsler*, 45 AD3d 470, 472).  By posting an undertaking in the amount of the child support arrears, we conclude that respondent has demonstrated that he is not flouting the judicial process and has provided a means of enforcement of the court's order determining the amount of child support arrears in the event that the court's determination is unchanged (*see* Family Ct Act § 471; CPLR 2502 [c]).  We conclude that the fugitive disentitlement theory no longer applies to respondent (*see generally Wechsler v Wechsler*, 58 AD3d 62, 65, *appeal dismissed* 12 NY3d 883, *reconsideration denied* 13 NY3d 810), and thus we reverse the order insofar as appealed from and remit the matter to Family Court to determine respondent's application to vacate the orders entered on his default and the warrant for his arrest.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court