OPINION OF THE COURT
Michael L. Hanuszczak, J.
On January 24, 2012 this court held a hearing and granted an order of disposition and other relief upon default pursuant to a violation petition filed by the petitioner mother. The attorney for the respondent father subsequently filed an order to show cause and supporting affidavit on January 25, 2013 seeking vacatur of the following orders issued by this court: (a) order of disposition executed January 27, 2012; (b) order of commitment executed January 27, 2012; (c) warrant of arrest issued January 25, 2012; and (d) order continuing the warrant of arrest dated November 28, 2012. In the same order to show cause the father seeks dismissal of the mother’s violation petition filed on March 5, 2010 and a downward modification of his support obligation as sought in his cross-petition filed on May 12, 2010.
On February 11, 2013 this court dismissed the father’s order to show cause based upon the fugitive disentitlement doctrine. The respondent appealed and on June 13, 2014 the Appellate Division, Fourth Department issued a memorandum and order affirming this court’s determination. (Matter of Shehatou v Louka, 118 AD3d 1357 [2014].) The Fourth Department granted leave for the respondent to reinstate the appeal conditioned upon him posting an undertaking with Onondaga County Family Court in the amount of $25,000 within 60 days of the court’s decision. The father posted the undertaking within the requisite time period. The Appellate Division, Fourth Department thereafter issued a subsequent memorandum and order January 2, 2015 remitting the matter to this court. (Matter of Shehatou v Louka, 124 AD3d 1335 [2015].)
The application for the original order to show cause was calendared by this court for an initial appearance on February *544 10, 2015 and all parties appeared through counsel. After due deliberation and a review of all submissions the court executed the original order to show cause. The mother’s attorney on March 26, 2015 filed an attorney affirmation in opposition. The affirmation also requested that the undertaking posted in the Onondaga County Family Court be released to the mother for arrears due and owing. The Attorney for the Children filed an attorney affirmation in opposition to the relief sought in the father’s order to show cause and also urged release to the mother of the undertaking posted with the court.
The court heard oral argument with all counsel present on March 27, 2015 and granted the parties the opportunity to submit memoranda of law to the court on or before April 27, 2015.
The mother’s counsel filed a memorandum of law on April 17, 2015 arguing that the father failed to meet the required statutory threshold to vacate the order of disposition and findings previously made by the court.
The Attorney for the Children submitted correspondence joining in the request by counsel for the mother to deny the relief sought in the father’s order to show cause in its entirety and the argument that the father did not meet the statutory requirements of CPLR 5015 (a) (1) or (3).
No other submissions were received by the court.
Background
The parties were married on February 16, 1993 in Los Angeles, California. There are two children born of the marriage, C.L. and S.L. The parties were divorced in the Commonwealth of Massachusetts following a trial and a judgment of divorce nisi was granted on June 16, 2003. Upon the conclusion of the matrimonial trial the mother moved to Connecticut with both children and then subsequently to New York in 2005. The father moved to California in 2005 and has since resided there.
The mother has had primary physical custody of the children and the respondent was ordered to pay $86.93 per week to the mother for the support of the two children pursuant to the Massachusetts divorce decree.
There have been a series of petitions filed by the father in Onondaga County Family Court since the judgment of divorce was granted. The father filed a modification petition of his support obligation which was dismissed on October 2, 2006 due to *545 his nonappearance and failure to prosecute the action. The father filed another child support modification petition in Onondaga County Family Court on October 12, 2006 and the matter was heard before a support magistrate on January 8, 2007. The support magistrate reduced the father’s support obligation to $100 per month. Counsel for the mother filed an objection, which was granted, and the court reinstated the child support provisions to the amount set forth in the parties’ divorce decree. The father subsequently filed an additional downward modification petition on October 22, 2007 based upon his financial circumstances and the support magistrate dismissed the petition as res judicata.
On March 5, 2010 the mother filed a child support violation petition in the Onondaga County Family Court. The matter was heard on June 21, 2010 before a support magistrate and the matters were referred to a family court judge for a determination of the father’s affirmative defenses and the mother’s violation petition. The matters were then heard in Family Court on July 11, 2011 and adjourned for further proceedings on November 17, 2011. The parties appeared on November 17, 2011 with the father appearing telephonically. A date certain trial was scheduled for January 24, 2012.
On January 24, 2012 this court proceeded to trial in the absence of the father. Upon the conclusion of the hearing this court found upon default that the father had willfully violated the order of support set forth in the parties’ original judgment of divorce. The court sentenced the respondent to six months of incarceration for his willful failure to pay support and issued a warrant for his arrest due to his failure to appear.
Standard of Law — Vacating an Order or Judgment
The father’s order to show cause seeks to vacate the order of disposition dated January 27, 2012 based upon CPLR 5015 (a) (1) as well as (3). CPLR 5015 (a) states that a court which rendered a judgment or order may relieve a party from such order based upon certain grounds.
CPLR 5015 (a) (1) — Excusable Default
The provisions of CPLR 5015 (a) (1) state that a court may vacate a default judgment if a party can demonstrate excusable default. The courts have also held that it is “incumbent” upon the party seeking to vacate a default finding to demonstrate a reasonable excuse for the default and that a meritorious defense exists. (Walczak v Walczak, 177 AD2d 1045 [1991]; *546 Anderson v Anderson, 144 AD2d 512 [1988]; Arvanetes v Arvanetes, 191 AD2d 893 [1993].) It has been held that the determination of what constitutes a reasonable excuse lies within the sound discretion of the court. (Hermitage Ins. Co. v Athena Mgt. Co., 115 AD3d 628 [2014]; Needleman v Tornheim, 106 AD3d 707 [2013].)
The father asserts in his affirmation that CPLR 5015 (a) (1) relief should be granted based upon the following: (1) written notification of the January 24, 2012 trial date was not received by him; (2) he could not afford to travel to attend the trial on January 24th; and (3) an electronic testimony application and waiver of physical presence was filed in April of 2010 with a support magistrate.
CPLR 5015 (a) (3) — Misrepresentation by an Adverse Party
The provisions of CPLR 5015 (a) (3) state that a court may vacate a default judgment if a party can demonstrate fraud, misrepresentation or other misconduct by the adverse party. The claim needs to be supported by “substantial evidence of fraud.” The standard has been that the moving party “has the burden of establishing, by admissible evidence, the existence of fraud, misrepresentation, or other misconduct” to warrant vacatur of a judgment. (Thakur v Thakur, 49 AD3d 861, 861 [2008].)
The father alleges that the mother, through her attorney, has committed acts that rise to the level set forth in CPLR 5015 (a) (3) to warrant vacatur of the default judgment. The father claims that two items of correspondence sent to the court, as well as to him, by the mother’s attorney in January of 2012 constitute “fraud, misrepresentation or other misconduct.” The initial correspondence requested the mother’s violation petition be withdrawn, followed by subsequent correspondence retracting such request a few days later.
Findings by the Court
The father admits in an affidavit executed on January 21, 2013 that he defaulted in the proceedings before the court on January 24, 2012. It has been held that vacatur of a default lies within the sound discretion of the court. (Woodson v Mendon Leasing Corp., 100 NY2d 62 [2003].)
On November 17, 2011 the court conducted a pretrial conference. The father appeared telephonically and the court set a trial date of January 24, 2012. The court unequivocally directed the parties to personally appear for the trial. The court further *547 stated twice during the pretrial conference that January 24th was a “trial date certain” and informed the father that a bench warrant may be issued if he did not appear and that he could possibly be sentenced to a period of incarceration if the violation petition pending against him was sustained. The court notes that the father actively participated in the pretrial on November 17, 2011 and thus his claim that he did not have notice of the trial date lacks merit.
The father’s claim that the order should be vacated as he did not receive written notification also lacks merit. Even if written notice was not received, oral notification of a trial date at a prior court appearance is sufficient notice. (Matter of Nicholas S., 46 AD3d 830 [2007].)
The father did not provide any documentation outlining any financial circumstances to support his claim of a lack of funds to travel. The court also finds that the claim of an inability to pay for travel costs to attend the trial is not a reasonable excuse for a failure to appear by the father. (Matter of Isaac Howard M. [Fatima M.], 90 AD3d 559 [2011].)
The father’s unilateral reliance on a prior submission of an electronic testimony application and waiver of physical presence is unwarranted. The application submitted two years prior to the hearing was never approved by the support magistrate or this court. A new application was never submitted. The court finds the father’s reliance on an unapproved electronic testimony application as disingenuous and not reasonable given the unequivocal directives made by the court on November 17, 2011.
Even if the father had demonstrated excusable default he has not presented any meritorious defenses as required in CPLR 5015. Both of the defenses raised by the father in the order to show cause have previously been litigated in this court.
The father’s assertion that he should be relieved of his child support obligation due to the mother engaging in custodial interference is without merit. A custody trial was held in 2011 in Onondaga County Family Court before a court attorney referee and the mother was granted sole legal custody of the minor children with the father being denied any parental access. The referee found “exceptional circumstances exist that merit a complete termination of the Petitioner’s contact with the Children” (Louka v Shehatou, Fam Ct, Onondaga County, Nov. 3, 2011, V-06410-11-06/07E).
*548 The father does not allege any facts upon which the court may consider his claim that a lack of financial resources prevents him from paying any child support whatsoever. When unsupported claims were made in a prior downward modification petition a support magistrate in Onondaga County dismissed the petition as res judicata. The decision referenced a prior ruling by this court which denied an objection by the father. (Louka v Shehatou, Fam Ct, Onondaga County, Apr. 11, 2007, Hanuszczak, J., F-04451-06/06C.) Finally, the court finds the father’s claim of “fraud, misrepresentation, or other misconduct” by the mother through her counsel as totally lacking in merit. The mother’s counsel’s correspondence retracting in a timely fashion a statement contained in a prior correspondence requesting a withdrawal of the petition is not fraudulent. The correspondence sent was procedural in nature and the conclusory assertions set forth in the father’s affidavit are insufficient to establish any relief under CPLR 5015 (a) (3). The claim that he did not receive the correspondence from counsel retracting the initial request is totally unsubstantiated.
After reviewing the pleadings and memorandum submitted to the court and hearing oral argument the court finds that the father has not met the requisite criteria set forth in CPLR 5015 (a) (1) or (3) to vacate the default judgment and denies in entirety the relief requested.
Based upon its findings herein, the court grants the mother’s request to seek appropriate relief from the entity issuing the undertaking and any funds obtained shall be applied towards payment for the child support arrears that have accrued. The court notes the undertaking of $25,000 posted by the father was ordered by the Fourth Department based upon “the amount of child support respondent owed at the time the court determined that he willfully violated the prior support order” (Shehatou v Lauka, 118 AD3d 1357, 1358 [2014]).
Now, after hearing oral argument from counsel and on due deliberation of the pleadings before it and on motion from the attorney for the mother, it is ordered that the respondent father’s order to show cause dated January 25, 2013 (docket No. F-04451-06/13 H, I) and all relief requested therein is hereby denied in its entirety; and it is further ordered that the warrant of arrest dated January 25, 2012 shall continue and the court will calendar the matter for a review of the status of the warrant on December 23, 2015 at 9:00 a.m. in Part 1 of *549 Onondaga County Family Court; and it is further ordered that the order of commitment dated January 27, 2012 sentencing the respondent father to a period of six months of incarceration shall continue; and it is further ordered that the attorney for the petitioner mother is directed to submit orders incorporating the terms and conditions of this decision; and it is further ordered that mail or email service of this order upon the attorneys and the Attorney for the Children is deemed sufficient.