Matter of Thurston v Bombard (2023 NY Slip Op 06661)

Matter of Thurston v Bombard

2023 NY Slip Op 06661

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

940 CAF 22-01111

[*1]IN THE MATTER OF DENISE M. THURSTON, PETITIONER-RESPONDENT,
v
PAT J. BOMBARD, RESPONDENT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS BABILON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
DENISE M. THURSTON, PETITIONER-RESPONDENT PRO SE. 

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered May 18, 2022, in a proceeding pursuant to Family Court Act article 4. The order committed respondent to three months in jail. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs and respondent is granted leave to move to reinstate the appeal upon the posting of an undertaking with Family Court, Onondaga County, in the amount of $90,000 within 60 days of service of a copy of the order of this Court with notice of entry.
Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent father appeals from an order committing him to jail for three months for willfully failing to obey a child support order. The father moved to Florida without ever serving his term of imprisonment or purging the contempt finding by paying the amount set by the court toward his child support arrears. The father is now the subject of a bench warrant in this State, but has refused to return.
Contrary to the father's contention, the fugitive disentitlement theory applies to this appeal (see Matter of Shehatou v Louka, 118 AD3d 1357, 1358 [4th Dept 2014]; Matter of Skiff-Murray v Murray, 305 AD2d 751, 752-753 [3d Dept 2003]). By the father's "absence, [he] is evading the very order[ ] from which [he] seeks appellate relief and has willfully made [himself] unavailable to obey the mandate of [Family Court] in the event of an affirmance" (Shehatou, 118 AD3d at 1358 [internal quotation marks omitted]). We therefore dismiss the appeal and grant leave to the father to move to reinstate it on the condition that, within 60 days of the service of a copy of the order of this Court with notice of entry, he posts an undertaking with the court in the amount of $90,000.00, i.e., the amount set by the court to allow the father to purge the term of incarceration (see id.). In
light of our determination, we decline to reach the father's remaining contentions.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court