■ In the Matter of DYLAN Y., a Child Alleged to be Abused. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT Y., Appellant. [772 NYS2d 137]—

Carpinello, J. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered March 20, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be abused.

In June 2002, respondent's son, then six years old, disclosed to his mother and stepfather that respondent showed him a movie depicting naked men and children and also inserted a pencil into his rectum. An investigation into the allegations ensued which ultimately resulted in the filing of the instant abuse and neglect proceeding by petitioner. After a fact-finding hearing, the petition was sustained and Family Court adjudicated the child to be an abused child. Respondent appeals.

Family Court's determination that respondent sexually abused his son is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Philip M.*, 82 NY2d 238, 243-244 [1993]). To be sure, a child's unsworn, out of court statements may be received into evidence at a fact-finding hearing and will, if properly corroborated, support a finding of abuse

(*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]). Here, the child disclosed to several individuals that respondent inserted a pencil into his rectum while the two were alone in a closet in respondent's house. Contrary to respondent's contention, these statements were sufficiently corroborated by the expert testimony of a highly qualified, board-certified pediatrician specializing in child abuse and forensic pediatrics who examined and interviewed the child (*see Matter of Jaclyn P.*, 86 NY2d 875, 878 [1995], *cert denied sub nom. Papa v Nassau County Dept. of Social Servs.*, 516 US 1093 [1996]; *Matter of Zachary Y.*, 287 AD2d 811 [2001]), as well as the child's in camera testimony (*see Matter of Christina F.*, 74 NY2d 532, 536-537 [1989]; *Matter of Nathaniel TT.*, 265 AD2d 611 [1999], *lv denied* 94 NY2d 757 [1999]).

Respondent's remaining contentions, including the claim that he received ineffective assistance of counsel, have been reviewed and rejected as without merit.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.