◼ In the Matter of SABRINA M. and Others, Children Alleged to be Abused and/or Neglected. BROOME COUNTY DEPARTMENT

OF SOCIAL SERVICES, Respondent; RICHARD N., Appellant. [775 NYS2d 96]—

Cardona, P.J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered January 30, 2003, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child and stepchildren to be abused and/or neglected.

Respondent resided with his wife (hereinafter the mother), their daughter, Amber N. (born in 2000), and the mother's two other daughters, Sabrina M. (born in 1993) and Ashley M. (born in 1994). In May 2002, Sabrina told her mother that respondent had touched her "private part" while they were alone in the garage of the family home. Sabrina repeated the allegations the following morning, after which the mother contacted petitioner and left the home with the children.

Sabrina and Ashley were subsequently interviewed at a Child Advocacy Center. During her interview, and in a later written statement, Sabrina indicated to petitioner's caseworker that on three occasions when alone in the garage with respondent, he took her up into an overhead storage area, pulled down her clothing and touched her "private parts." She also stated that respondent exposed himself to her on two occasions and showed her a pornographic magazine. Ashley, in her interview, confirmed that Sabrina had been alone with respondent on the three occasions at issue.

Thereafter, petitioner commenced a child abuse and neglect proceeding against respondent, alleging that he had abused and/or neglected Sabrina and derivatively neglected the other two children. Following a fact-finding hearing, including in camera testimony by Sabrina, Family Court found that Sabrina's out-of-court statements regarding the alleged sexual abuse had been sufficiently corroborated and, accordingly, adjudicated Sabrina to be abused and Ashley and Amber to be neglected. Respondent appeals, challenging the evidentiary support for

Family Court's finding and contending that he was excluded from Sabrina's in camera testimony in violation of his due process rights.

We affirm. A child's prior allegations of sexual abuse are admissible in a fact-finding hearing and, if corroborated, can be sufficient to support a finding of abuse (*see* Family Ct Act § 1046 [a] [vi]; *see also Matter of Nicole V.,* 71 NY2d 112, 117-118 [1987]; *Matter of Jared XX.,* 276 AD2d 980, 981 [2000]). Here, Sabrina's out-of-court oral and written statements were corroborated in key respects by the mother's testimony, as well as the testimony of third parties regarding hearsay statements made by Ashley, the mother and respondent. Notably, Sabrina's allegations were further corroborated by her own in camera testimony (*see Matter of Christina F.,* 74 NY2d 532, 535-536 [1989]; *Matter of Dylan Y.,* 4 AD3d 643, 644 [2004]). On this record, we conclude that Sabrina's allegations were sufficiently corroborated.

We further find that respondent's due process rights were not violated when Sabrina testified in camera outside his presence. Respondent did not object to allowing Sabrina to testify outside his presence and, while much of her testimony was unsworn, she was cross-examined by counsel for both petitioner and respondent (*see Matter of Christina F., supra* at 535; *Matter of Robert U.,* 283 AD2d 689, 690-691 [2001]).

Based upon our review of the record, and deferring to Family Court's resolution of credibility issues (*see Matter of Antonia QQ.,* 1 AD3d 841, 842 [2003]; *Matter of Nicole SS.,* 296 AD2d 618, 619 [2002]), we conclude that the determination that respondent sexually abused Sabrina is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *see also Matter of Dylan Y., supra*). Further, while a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively neglected, here respondent's abuse of Sabrina evinced a flawed understanding of a parent's duties and impaired parental judgment sufficient to support Family Court's findings of derivative neglect of Ashley and Amber (*see Matter of Shaun X.,* 300 AD2d 772, 772 [2002]; *Matter of Akia KK.,* 282 AD2d 839, 841 [2001]).

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.