■ In the Matter of RICHARD S. and Another, Children Alleged to be Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL S., Appellant. (And Another Related Proceeding.) [898 NYS2d 688]—

Cardona, P.J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered October 20, 2008, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent was convicted in 2004 of unlawful surveillance in the second degree for secretly photographing girls undressing in the locker room of the high school where he worked. County Court (Coccoma, J.) sentenced him to a four-month intermittent term of imprisonment and five years of probation. Respondent violated the terms of his probation on several occasions, two of which are particularly relevant here. First, in May 2006, County Court found respondent to be in violation of the condition that required him to stay away from places where children under the age of 17 are known to congregate and prohibited him from being responsible for the care of any child under the age of 17. The violation was based upon respondent's contact with his daughter (born in 1999) and son (born in 1996) and, as a result, the court enlarged the conditions of probation to prohibit respondent from living with his children. Second, in March 2008, County Court found respondent to be in violation of its order requiring him to undergo a forensic sex offender evaluation. This violation resulted in the court revoking respondent's probation and sentencing him to $1^1/_3$ to 4 years in prison.

In April 2008, petitioner commenced this proceeding alleging that respondent neglected his children by, among other things, violating the above conditions of his probation by continuing to live in the family home and refusing to cooperate with sex offender treatment. Following a hearing, Family Court found that respondent had been a frequent visitor to the children's household and stayed overnight at that residence. The court concluded that his doing so, coupled with his refusal to undergo a sex offender evaluation, represented an immediate risk to the children's physical, mental and emotional health, "[e]specially where, as here, the children were being encouraged to conceal his presence in the household, [the daughter] had been acting out sexually and [the son] had been expelled from school for violent outbursts." A finding of neglect was made and, thereafter, the parties consented to the entry of an order of protection as

the disposition. Respondent now appeals, challenging the finding of neglect.[1] Upon our review of the record, we affirm.

Initially, to the extent that respondent challenges the order requiring him to undergo a sex offender evaluation, we note that the requirement was imposed in connection with respondent's criminal conviction. We also note that he did not appeal from the subsequent order finding him to be in willful violation of probation for refusing to comply with it. In any event, his cooperation with the sex offender evaluation was a reasonable and necessary requirement to ensure the children's safety given the uncontroverted record of respondent's history in relation to his criminal conviction and subsequent violations of conditions of his probation. Specifically, it is significant that not only were the facts underlying respondent's conviction indisputably sexual in nature, but he was also later found to have violated his probation by having pornography in his household, including material involving very young women, filming women exiting a department store, focusing on their genitalia, and going to a state university to observe girls walking around the campus.

Respondent's repeated refusal to undergo the evaluation[2] is particularly significant given evidence supporting Family Court's finding that respondent stayed overnight in the household with his children.[3] In that regard, we note that respondent's daughter has made statements to school officials to the effect that, among other things, respondent has come into her bedroom at night and has put his penis between her legs (see Matter of Kayla F., 39 AD3d 983, 984 [2007]). Although her statements have, at times, been inconsistent, they nonetheless support the importance of obtaining an evaluation. Furthermore, even though respondent denies living with the children, testimony and documentary evidence established that applications for public assistance completed by respondent and his wife listed respondent as a resident of the household. Additionally, on several occasions, both respondent and his wife admitted to investigators and caseworkers that he was tempo-

---

1. A separate neglect petition was filed against respondent's wife. She was also found to have neglected the children, but has not appealed.

2. After County Court revoked respondent's probation, he finally submitted to the evaluation, which found that he demonstrated significant issues related to sex offender behavior and recommended that he participate in a sex offender extended evaluation and education group.

3. This Court later reversed the declaration of delinquency that had resulted in County Court enlarging his conditions of probation to prohibit him from residing with his own children. However, it is uncontroverted that respondent was aware of the then-existing condition when he stayed overnight in the household with them.

rarily living in the children's home. Moreover, both children revealed that respondent was staying with them, although the record indicates that respondent and his wife encouraged them to conceal it. While respondent, his wife, and other family members presented contradictory testimony, Family Court's conclusion that they were not credible is supported by a sound and substantial basis in the record and, therefore, we defer to those credibility determinations (*see Matter of Brandi U.*, 47 AD3d 1103, 1104 [2008]; *Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]).

Based upon the foregoing, we agree with Family Court that petitioner demonstrated by a preponderance of the evidence that respondent's repeated refusal to undergo the court-ordered sex offender evaluation represented an imminent risk to the children's physical, mental and emotional health (*see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Xavier II.*, 58 AD3d 898, 899 [2009]). Accordingly, we decline to disturb the court's finding of neglect.

Respondent's remaining contentions, including his claim that Family Court was biased, have been examined and found to be without merit.

Peters, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.