■ In the Matter of MICHAEL N., a Child Alleged to be Neglected. SHAWN L. YETTER, as Commissioner of Social Services of Tioga County, Respondent; JASON M., Appellant. [911 NYS2d 709]—

Cardona, P.J. Appeals from two orders of the Family Court of Tioga County (Sgueglia, J.), entered September 29, 2008, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.

Alyssa O. (hereinafter the mother) and William N. are the biological parents of Michael N., born in 2005. Beginning in November 2007, the mother, who had physical custody of the child at that time, began living with respondent, whom she later married. On April 16, 2008, a State Central Register report was issued alleging that respondent committed domestic violence against the mother on two occasions in the presence of the child at their Tioga County home. Following an investigation,[1] petitioner commenced this proceeding against respondent alleging that he neglected the child by reason of the domestic violence allegedly perpetrated in the child's presence. Further, it was alleged that the child was derivatively neglected by reason of, among other things, prior findings of neglect against respondent as to children formerly in his household, his adjudication as a sex offender for the sexual abuse of a former paramour's children and the termination of his parental rights as to two of his biological children. The petition also detailed respondent's extensive history of domestic violence involving women in past relationships.

At the ensuing fact-finding hearing,[2] petitioner indicated that its case against respondent was primarily one of derivative neglect. Family Court, without objection from respondent's counsel, granted petitioner's request that it take judicial notice of the numerous certified records from Chemung and Tioga Counties establishing the prior determinations against respondent of abuse and neglect of other children, including the termination of his parental rights as to two of his biological children. Thereafter, without making any admissions, respondent, through his counsel, waived any further hearing, and

---

1. According to the attorney for the child, the report was deemed to be founded.

2. At that time, petitioner withdrew a separate neglect petition brought against the mother, inasmuch as the child's father had successfully obtained custody of the child.

counsel stated that they could "move straight to a dispositional [hearing]." Following a discussion between the court, the parties and counsel, the court issued a permanent order of protection prohibiting respondent from having any contact with the child. The court's order of fact-finding and disposition also found that respondent neglected the child. Respondent now appeals from that order as well as from the order of protection issued therewith.

Initially, we are unpersuaded by respondent's contention that reversal is required because Family Court failed to strictly follow the procedural requirements of Family Ct Act § 1033-b (1) (b) at his initial appearance. While the initial exchange between respondent and the court was brief and the allegations in the petition were not recited, the court made sure that respondent was assigned counsel and had notice of future proceedings. Moreover, respondent was permitted to ask questions regarding the petition, demonstrating his understanding of its contents. Consequently, given all the circumstances, we conclude that any errors regarding compliance with the statutory requirements do not mandate reversal in this instance (see Matter of Shawndalaya II., 31 AD3d 823, 825 [2006], lv denied 7 NY3d 714 [2006]).

Next, we find lacking in merit respondent's assertion that the derivative neglect determination was improper because the only substantive proof admitted into evidence was the extensive documentation relating to, among other things, his past abuse and neglect adjudications.[3] Significantly, proof of abuse or neglect of one child is admissible to support a finding of neglect against another child (see Family Ct Act § 1046 [a] [i]). Although "such evidence typically may not serve as the sole basis for a finding of neglect" (Matter of Cadejah AA., 33 AD3d 1155, 1157 [2006] [internal quotation marks and citation omitted]), where, as here, the evidence of past neglect and abuse demonstrably "evidence[s] fundamental flaws in the respondent's understanding of the duties of parenthood, proof of abuse or neglect of other children is alone sufficient to sustain a finding of abuse or neglect of another child" (Matter of Evelyn B., 30 AD3d 913, 915 [2006], lv denied 7 NY3d 713 [2006] [internal quotation marks and citations omitted]).

Here, proof in the form of the extensive documentation of respondent's past abuse and neglect of several children, both

---

3. While respondent points out that the affidavit from the Child Protective Services caseworker who investigated the allegations of domestic violence involving the mother was largely hearsay as to those claims, it also provides a description of the agency's numerous prior contacts with respondent and their outcomes.

unrelated and biological, all emanating from successive turbulent relationships with different women, sufficiently demonstrates a consistent pattern of neglect evidencing respondent's "fundamental misunderstanding" of his responsibilities as a parental figure (*id.* at 915). Furthermore, these adjudications, ranging from approximately the years 2000 to 2004, are "sufficiently proximate in time such that it can be reasonably concluded that the conditions still exist" (*Matter of Paige WW. [Charles XX.],* 71 AD3d 1200, 1203 [2010] [internal quotation marks and citations omitted]; *see Matter of Evelyn B.,* 30 AD3d at 915). Notably, respondent chose not to testify, although given the opportunity to do so, and, therefore, Family Court was permitted "to draw the strongest inference against [him] as the opposing evidence would allow" (*Matter of Tashia QQ.,* 28 AD3d 816, 818 [2006]). Thus, inasmuch as the record demonstrates, "by a preponderance of evidence, that the child's physical, mental or emotional condition was harmed or is in imminent danger of such harm as a result of [respondent's] failure to exercise a minimum degree of care" (*Matter of Xavier II.,* 58 AD3d 898, 899 [2009]; *see* Family Ct Act § 1012 [f] [i]; *Matter of Shalyse WW.,* 63 AD3d 1193, 1195 [2009], *lv denied* 13 NY3d 704 [2009]), we conclude that the proof submitted herein was adequate under the circumstances to support the finding of derivative neglect.

Respondent's remaining contentions have been considered and found to be unpersuasive.

Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the orders are affirmed, without costs.