■ In the Matter of REBECCA FF., and Another, Children Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID FF., Appellant. [917 NYS2d 372]—

Kavanagh, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered April 5, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent has two biological daughters (born in 1998 and 2001), who are the subject of this proceeding, and a stepdaughter (born in 1988), who he adopted. In 2008, the stepdaughter informed her mother that she had been sexually abused by respondent on numerous occasions over a prolonged period of

time beginning when she was approximately 10 years old.[1] In response to this disclosure, petitioner commenced this proceeding alleging that respondent, by this conduct, had derivatively neglected his two biological children. After conducting a fact-finding hearing in which it concluded that respondent had sexually abused his stepdaughter and derivatively neglected his two biological children, Family Court directed that respondent have no contact with the children until he completed a sexual offender evaluation and received permission from the court to have his visitation rights restored. Respondent now appeals.

Initially, respondent claims that petitioner failed to present competent and credible evidence at the hearing establishing that he had sexually abused his stepdaughter. We disagree. Not only did respondent's stepdaughter testify at the hearing that he had sexually abused her on numerous occasions over an eight-year period (*see Matter of Justin CC. [Tina CC.]*, 77 AD3d 1056, 1057 [2010], *lv denied* 16 NY3d 702 [2011]), but a licensed psychologist testified, upon her evaluation of the child, that "this was a positively validated case of childhood sexual victimization" (*see Matter of Nikita W. [Michael W.]*, 77 AD3d 1209, 1210-1211 [2010]). This evidence, coupled with the adverse inference that Family Court was entitled to draw from respondent's failure to testify (*see Matter of Michael N. [Jason M.]*, 79 AD3d 1165, 1168 [2010]; *Matter of Ian H.*, 42 AD3d 701, 703 [2007], *lv denied* 9 NY3d 814 [2007]), provided ample support for its conclusion that respondent had sexually assaulted this child while she was in his care (*see Matter of Justin CC. [Tina CC.]*, 77 AD3d at 1058).

As for the derivative neglect, the finding that respondent repeatedly sexually abused his stepdaughter, " 'demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care' " (*Matter of Justin CC. [Tina CC.]*, 77 AD3d at 10568, quoting *Matter of Ian H.*, 42 AD3d at 704; *see Matter of Michael N. [Jason M.]*, 79 AD3d at 1167).[2] Therefore, we find no reason to disturb Family Court's determination that respondent derivatively neglected his biological children.

Peters, J.P., Spain, Rose and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

1. All three children have the same mother.
2. The victim indicated that the abuse had occurred more than 20 times but less than 100.