■ In the Matter of JOANNE II. and Others, Children Alleged to be Abused. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THOMAS II., Appellant. (Proceeding No. 1.) In the Matter of JOANNE II. and Others, Children Alleged to be Neglected. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THOMAS II., Appellant. (Proceeding No. 2.) [955 NYS2d 228]—

Garry, J. Appeals from two orders of the Family Court of Saratoga County (Jensen, J.), entered September 14, 2011, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondent's children to be abused and/or neglected. Respondent is the father of four children (born in 1999, 2002, 2006 and 2008). In February 2011, petitioner commenced these Family Ct Act article 10 proceedings alleging that respondent had sexually abused the child born in 2006 (hereinafter the child) and had thereby derivatively abused and/or neglected the three other children. Following fact-finding and dispositional hearings, Family Court

sustained the petitions and, among other things, ordered respondent to be placed under petitioner's supervision for one year and prohibited contact with any of the children until he successfully completed sex offender treatment. Respondent appeals, limiting his challenge to the determinations of derivative abuse and neglect as to the children born in 1999 and 2002, and the bar of contact with these two children. As respondent contends, proof that one child has been abused is admissible on the issue of the derivative abuse or neglect of other children, but "typically may not serve as the sole basis for [such] a finding" (*Matter of Cadejah AA.*, 33 AD3d 1155, 1157 [2006] [internal quotation marks and citation omitted]; *see* Family Ct Act § 1046 [a] [i]; *Matter of Michael N. [Jason M.]*, 79 AD3d 1165, 1167 [2010]). However, evidence of the abuse of one child can suffice to establish derivative abuse or neglect when the conduct at issue "evidence[s] fundamental flaws in the respondent's understanding of the duties of parenthood" so profound as to place any child in his or her care at substantial risk of harm (*Matter of Evelyn B.*, 30 AD3d 913, 915 [2006], *lv denied* 7 NY3d 713 [2006] [internal quotation marks and citations omitted]; *see Matter of Kole HH.*, 61 AD3d 1049, 1053 [2009], *lv dismissed* 12 NY3d 898 [2009]; *Matter of Shaun X.*, 300 AD2d 772, 772 [2002]). We agree with Family Court that the evidence here met that standard. Several witnesses, including a counselor, a sheriff's department investigator and a child protective caseworker, testified that the child, just four years old, had disclosed that respondent sexually abused her. Respondent's mother (hereinafter the grandmother) described dramatic and disturbing changes in the child's personality and behavior that led to the child's disclosures. Concerned about these changes, the grandmother took the child to a counseling session in December 2010, where the child used dolls to show the grandmother and the counselor what respondent had allegedly done. The grandmother testified that when she confronted respondent about these allegations later that day, he stated that he was going to pick up his youngest child (born in 2008) and then "go blow [his] head off," and he wrote out and signed a statement purporting to be a will. Petitioner's expert, a clinical psychologist specializing in sexual abuse, testified that she conducted a specialized sexual abuse evaluation of the child during which, among other things, the child stated that respondent did "private stuff" to her, that the abuse happened "a bunch of times" and that the child did not want to visit respondent any more. The child used dolls and drew pictures to demonstrate respondent's actions. The psychologist described certain criteria used in her evaluation, such as the "naive"

quality of the child's language, which tended to demonstrate that she had not been coached, and concluded within a reasonable degree of medical certainty that the child's account was consistent with those of known sexual abuse victims. Petitioner's caseworker also described disclosures the child had made to her, and further testified that she was told by the mother of respondent's youngest child—then two or three years old—that this child's rectal and vaginal areas were red when she returned from visits with respondent, and that this child also displayed sudden disturbing behavior changes around Thanksgiving 2010, after overnight visits with respondent. Family Court found that the testimony of all of petitioner's witnesses was credible, while respondent's testimony—in which he denied having sexual contact with the child—was not. According the appropriate deference to the court's credibility assessments (*see e.g. Matter of Richard S. [Michael S.]*, 72 AD3d 1133, 1136 [2010]), we find a sound and substantial basis in the record for its conclusion that respondent's sexual abuse of this very young and vulnerable child "demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care" and, thus, we will not disturb the determination (*Matter of Rebecca FF. [David FF.]*, 81 AD3d 1119, 1120 [2011] [internal quotation marks and citations omitted]; *see Matter of Ramsey H. [Benjamin K.]*, 99 AD3d 1040, 1042 [2012]; *Matter of Branden P. [Corey P.]*, 90 AD3d 1186, 1189 [2011]; *Matter of Doe*, 47 AD3d 283, 287 [2007], *lv denied* 10 NY3d 709 [2008]; *Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]). Finally, respondent's challenge to the orders of protection barring him from contact with any of the children until he successfully completes sex offender treatment is moot, as the orders expired by their own terms in August 2012 (*see Matter of Dezerea G. [Lisa G.]*, 97 AD3d 933, 935 [2012]; *Matter of Chelsea M. [Ernest M.]*, 68 AD3d 1489, 1489 [2009]; *Matter of Destiny HH.*, 63 AD3d 1230, 1231 [2009], *lv denied* 13 NY3d 706 [2009]; *see also Matter of Kole HH. [Thomas HH.]*, 84 AD3d 1518, 1520 [2011]). Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the orders are affirmed, without costs.