■ In the Matter of KARM'NY QQ., a Child Alleged to be Neglected. WASHINGTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEVEN QQ., Appellant. (And Another Related Proceeding.) [981 NYS2d 217]—

McCarthy, J. Appeals (1) from an order of the Family Court of Washington County (Pritzker, J.), entered June 20, 2012, which, in a proceeding pursuant to Family Ct Act article 10, denied respondent's motion for the return of his child, and (2) from an order of said court, entered November 29, 2012, which, in said proceeding pursuant to Family Ct Act article 10, granted petitioner's motion for summary judgment adjudicating respondent's child to be derivatively neglected.

In October 2011, respondent consented to a finding that he neglected three children. In January 2012, two days after the birth of respondent's child, Karm'ny QQ., petitioner commenced this proceeding alleging derivative neglect of that child. Family Court temporarily removed the child and, with the exception of a two-week period when she was placed with a relative, the child has remained in foster care. In June 2012, respondent moved pursuant to Family Ct Act § 1028 for return of the child and, following a hearing, the court denied the motion. Petitioner then moved for summary judgment adjudicating the child to be derivatively neglected by both parents, which the court granted in November 2012 as against respondent. Respondent appeals from both orders, but he is not pursuing his appeal from the June 2012 order because he acknowledges that it is moot (*see Matter of Mary YY. [Albert YY.]*, 98 AD3d 1198, 1198 [2012]).

Despite a September 2013 default order finding permanent neglect and an October 2013 order terminating respondent's parental rights to Karm'ny, the appeal from the November 2012 order adjudicating neglect is not moot. This Court has recog-

nized an exception to mootness when a parent is challenging a neglect finding, as such a finding "creates a stigma and may adversely affect the parent in future proceedings" (*Matter of Bayley W. [Jaden W.]*, 100 AD3d 1203, 1203-1204 [2012]; *see Matter of Armani KK. [Deborah KK.]*, 81 AD3d 1001, 1002 [2011], *lv denied* 16 NY3d 711 [2011]). Additionally, respondent can still move to vacate the default order (*see* CPLR 5015 [a]; *Matter of Sandra J.*, 25 AD3d 360, 360 [2006]). Thus, we will address the merits of that appeal.

Family Court erred in granting summary judgment because triable issues of fact remain. Summary judgment is rarely used in Family Court proceedings, and is only appropriate when no triable issue of fact exists (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182 [1994]; *Matter of Alyssa WW. [Clifton WW.]*, 106 AD3d 1157, 1158 [2013]). While proof that respondent previously neglected three other children was admissible on the issue of whether he neglected Karm'ny (*see* Family Ct Act § 1046 [a] [i]), such proof alone typically is not sufficient to establish derivative neglect (*see Matter of Michael N. [Jason M.]*, 79 AD3d 1165, 1167 [2010]; *Matter of Amanda LL.*, 195 AD2d 708, 709 [1993]). "Derivative neglect is established where the evidence demonstrates an impairment of parental judgment to the point that it creates a substantial risk of harm for any child left in that parent's care, and the prior neglect determination is sufficiently proximate in time to reasonably conclude that the problematic conditions continue to exist" (*Matter of Tradale CC.*, 52 AD3d 900, 901 [2008] [citation omitted]; *accord Matter of Xiomara D. [Madelyn D.]*, 96 AD3d 1239, 1240 [2012]).

The prior neglect determination here occurred less than three months before the instant petition was filed, sufficiently proximate so as to give rise to an inference that the conditions leading to such determination still existed (*see Matter of Michael N. [Jason M.]*, 79 AD3d at 1168). Despite that inference, the testimony from the Family Ct Act § 1028 hearing raised questions of fact regarding whether respondent was appropriately dealing with those conditions (*see Matter of Brandie B. [Barrington B.]*, 109 AD3d 987, 988 [2013]).* Neither the hearing testimony, nor the affidavit from petitioner's case-

---

* Family Court incorrectly stated that respondent had not appealed the Family Ct Act § 1028 order. While the appeal from that order is now moot, he should not be collaterally estopped from contesting issues raised in that hearing. Additionally, while respondent did not provide a copy of the hearing transcript as a motion exhibit, counsel asked the court to refer to the testimony, and the order on appeal indicates that the court did consider that testimony.

worker, contained any proof that respondent was using illegal drugs. The only positive drug test was from 2010. While petitioner alleged that respondent failed to obtain a substance abuse evaluation and follow up on recommended treatment, respondent testified that he was evaluated by one of petitioner's employees—who he identified by name—and was told that no treatment was necessary. Petitioner did not provide an affidavit or other proof from that employee to contradict respondent's testimony. Respondent acknowledged that he did not enroll in the specified anger management program, but testified that he was financially unable to do so. Respondent missed many of his visits with the child, but indicated that he exercised more visits than petitioner stated, at least one visit was canceled by petitioner and his work hours interfered with some visits.

One of the conditions that contributed to the neglect finding was respondent's unstable housing, but he testified that, contrary to petitioner's assertions, he was never homeless during the child's life and, by the time of the hearing, he had established a suitable home with his new girlfriend. In the June 2012 order, Family Court ordered that petitioner investigate this new home and submit a report to the court, but the record does not indicate that any such investigation was completed. Respondent also testified that he had obtained a good job and his girlfriend was arranging for childcare. Although petitioner raised questions about some of respondent's testimony, and established that respondent often failed to provide information and was not cooperative, the evidence submitted by petitioner raised factual questions regarding neglect such that summary judgment was not appropriate (*see Matter of Brandie B. [Barrington B.]*, 109 AD3d at 988; *compare Matter of Xiomara D. [Madelyn D.]*, 96 AD3d at 1240-1241).

Lahtinen, J.P., Stein and Egan Jr., JJ., concur. Ordered that the appeal from the order entered June 20, 2012, is dismissed, as moot, without costs. Ordered that the order entered November 29, 2012 is reversed, on the law, without costs, and matter remitted to the Family Court of Washington County for further proceedings not inconsistent with this Court's decision.