■ In the Matter of KHALIL L. WESTCHESTER COUNTY DEPART-
MENT OF SOCIAL SERVICES, Appellant-Respondent; RICHARD L.,
Respondent-Appellant. (Proceeding No. 1.) In the Matter of
KAIDEN L. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SER-
VICES, Appellant-Respondent; RICHARD L., Respondent-
Appellant. (Proceeding No. 2.) [8 NYS3d 415]—

Appeal and cross-appeal from an order of the Family Court,
Westchester County (Hal B. Greenwald, J.), entered November
13, 2013, and appeals from (1) an order of that court entered
December 4, 2013, and (2) an order of disposition of that court
entered January 24, 2014. The order entered November 13,
2013, granted those branches of the petitioner's motion which
were for summary judgment on its petitions alleging that the
father abused the child Khalil L. and derivatively neglected
the child Kaiden L., and, in effect, denied that branch of the
petitioner's motion which was for summary judgment on its pe-
tition alleging that the father derivatively abused the child
Kaiden L. The order entered December 4, 2013, granted the
petitioner's motion for a finding that reasonable efforts were
not required to be made to reunify the father with the child
Kaiden L. The order of disposition directed the father to comply
with the terms and conditions specified in an order of protec-
tion issued against him on behalf of the child Kaiden L.

Ordered that the order entered November 13, 2013, is modi-
fied, on the law, by deleting the provision thereof, in effect,
denying that branch of the petitioner's motion which was for
summary judgment on the issue of the father's derivative abuse
of the child Kaiden L., and substituting therefor a provision
granting that branch of the motion; as so modified, the order is
affirmed insofar as appealed and cross-appealed from, without
costs or disbursements; and it is further,

Ordered that the order entered December 4, 2014, and the
order of disposition entered January 24, 2014, are affirmed,
without costs or disbursements.

The petitioner established, prima facie, that the father
abused Khalil L. and derivatively neglected and abused Kaiden
L. by demonstrating that the father was convicted of man-
slaughter in the first degree in connection with allegations
concerning the death of Khalil L., who is Kaiden L.'s brother.
This act "established a fundamental defect in the father's
understanding of his parental duties relating to the care of
children and demonstrated that his impulse control was so
defective as to create a substantial risk of harm to any child in

his care' " (*Matter of Adriel R. [David P.]*, 117 AD3d 744, 745 [2014], quoting *Matter of Angelica M. [Nugene A.]*, 107 AD3d 803, 804-805 [2013]). In opposition to the petitioner's prima facie showing, the father failed to raise a triable issue of fact.

Specifically, despite his contentions to the contrary, the father failed to raise a triable issue of fact on the issue of whether he had a full and fair opportunity to litigate the criminal matter resulting in his conviction of manslaughter in the first degree for the death of Khalil L. It is immaterial that the father has taken an appeal from his criminal conviction, since the determinative issue is whether the father had "a full and fair opportunity to litigate his conduct during the course of his criminal trial" (*Matter of Tavianna CC. [Maceo CC.]*, 99 AD3d 1132, 1134 [2012]; *see Matter of Gowrie v Squires*, 71 AD3d 1023 [2010]), not whether he has exhausted every avenue of appeal from his conviction. The father's remaining contentions pertaining to the derivative abuse of Kaiden L. are without merit. Therefore, the Family Court properly granted that branch of the petitioner's motion which was for summary judgment on its petition alleging that the father abused Khalil L., and should have granted that branch of the petitioner's motion which was for summary judgment on its petition alleging that the father derivatively abused Kaiden L.

The father's remaining contentions are without merit. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.