*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                  521051
_____

In the Matter of ALEXANDER TT.
    and Others, Alleged to be
    Abused and/or Neglected
    Children.

TOMPKINS COUNTY DEPARTMENT OF            MEMORANDUM AND ORDER
    SOCIAL SERVICES,
                    Respondent;

HORACE VV.,
                    Appellant.
_____

Calendar Date:  May 26, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

_____

        Pamela Bleiwas, Ithaca, for appellant.

        Jennifer Donlan-Fitzgibbon, Tompkins County Department of
Social Services, Ithaca, for respondent.

        Donna Chin, Ithaca, attorney for the children.

_____

Rose, J.

        Appeals from two orders of the Supreme Court (Rowley, J.),
entered December 30, 2014 and May 7, 2015 in Tompkins County,
which granted petitioner's application, in a proceeding pursuant
to Family Ct Act article 10, to adjudicate the subject children
to be abused and/or neglected.

        After respondent was charged with sexually abusing his
stepdaughter (born in 2001), petitioner commenced this proceeding

alleging that respondent had abused and neglected her and derivatively neglected his two biological children (born in 2006 and 2007).[1]  Respondent thereafter pleaded guilty to, among other things, criminal sexual act in the second degree in regard to the sexual abuse of his stepdaughter and criminal contempt in the first degree based upon his admission to directing, among others, the stepdaughter's mother, who was also the mother of his biological children, to pressure the stepdaughter to recant. Based upon his convictions, petitioner moved for summary judgment, which Supreme Court granted.  Accordingly, the court adjudicated the stepdaughter to be abused and neglected and respondent's two biological children to be derivatively neglected.  Following a dispositional hearing, corresponding orders of disposition and protection were issued.  Respondent appeals.

Respondent's sole contention on appeal is that petitioner's submissions in support of its motion were insufficient to establish, as a matter of law, that he derivatively neglected his two biological children.[2]  We disagree.  Although rarely used, summary judgment is appropriate in a Family Ct Act article 10 proceeding where no triable issues of fact exist (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]; Matter of Sumaria D. [Madelyn D.], 121 AD3d 1203, 1205 [2014]).  In this regard, collateral estoppel effect may be given to a respondent's criminal conviction where the identical issue was resolved in the criminal action (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 182; Matter of Jewelisbeth JJ. [Emmanuel KK.], 97 AD3d 887, 888 [2012]).

---

[1]  This proceeding and respondent's criminal action were subsequently transferred to the Integrated Domestic Violence part of Supreme Court, where the same judge presided over this proceeding and the criminal action.

[2]  Inasmuch as respondent makes no argument with respect to the finding that he abused and neglected the stepdaughter, any argument that he could have made in that regard is deemed abandoned (see Matter of Tara AA. v Matthew BB., 139 AD3d 1136, 1137-1138 [2016]).

Although a finding that a respondent sexually abused one child is not sufficient, by itself, to prove that other children in the household have been derivatively neglected, such a finding is warranted where, as here, the evidence demonstrates an impaired level of parental judgment that places the other children at risk of harm (see Matter of Blaize F., 50 AD3d 1182, 1184 [2008]; Matter of Sabrina M., 6 AD3d 759, 761 [2004]).

In support of its motion, petitioner submitted the indictment charging respondent with various sexual offenses and the certificates of conviction establishing that he was convicted of criminal sexual act in the second degree and criminal contempt in the first degree. In addition, respondent does not dispute that the parties agreed that Supreme Court would take judicial notice of the proceedings in the criminal action. The transcript of the plea colloquy establishes that respondent admitted to orally sodomizing his 12-year-old stepdaughter and engaging in efforts to pressure her to recant. This proof, in our view, amply establishes not only that the identical issues were resolved in the criminal action (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 182; Matter of Tavianna CC. [Maceo CC.], 99 AD3d 1132, 1134 [2012], lv denied 20 NY3d 856 [2013]), but that respondent has such an impaired level of understanding of his parental duties as to create a risk of harm to his other children (see Matter of Ajay P., 60 AD3d 681, 683 [2009]; see also Matter of Blaize F., 50 AD3d at 1184; Matter of Sabrina M., 6 AD3d at 761). Because no triable issues of fact exist, petitioner's motion for summary judgment was properly granted.

Lahtinen, J.P., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the orders are affirmed, without costs.


                    ENTER:


                    Robert D. Mayberger
                    Clerk of the Court