Matter of Philomena V. (Shannon S.) (2018 NY Slip Op 07000)





Matter of Philomena V. (Shannon S.)


2018 NY Slip Op 07000


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018


[*1]In the Matter of PHILOMENA., Alleged to be an Abused Child. WARREN COUNTY DEPARMENT OF SOCIAL SERVICES, Respondent; SHANNON S., Appellant.

Calendar Date: September 14, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Rumsey, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
James B. Lesperance, Warren County Department of Social Services, Lake George, for respondent.
Martin A. Cohen, Wilton, attorney for the child.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Family Court of Warren County (Kershko, J.), entered December 15, 2016, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner's motion for summary judgment adjudicating the subject child to be abused.
On August 7, 2015, respondent was charged in a five-count indictment with criminal sexual act in the first degree, criminal sexual act in the second degree, sexual abuse in the first degree, luring a child and endangering the welfare of a child based upon allegations that he took the subject child (born in 2001) to a local hotel, on or about July 28, 2015 and July 29, 2015, provided and encouraged her to drink alcohol until she became grossly intoxicated and then engaged in sexual contact with her by forcible compulsion. Thereafter, on August 20, 2015, petitioner commenced this Family Ct Act article 10 proceeding against respondent alleging that he had sexually abused the subject child on or about July 28, 2015 and July 29, 2015, at a local hotel at a time when he was the person legally responsible for the child's care (see Family Ct Act § 1012 [e], [g])[FN1]. While this petition was pending, respondent was convicted following a jury trial of, among other things, one count of sexual abuse in the first degree. Following respondent's conviction, petitioner moved for summary judgment on the Family Ct Act article 10 petition, [*2]alleging that the allegations in the abuse petition were based upon the same set of facts that were set forth in respondent's criminal indictment and ultimately formed the basis for his conviction. Respondent opposed the motion, arguing that his criminal conviction should not be given collateral estoppel effect because it remained subject to appeal. Family Court rejected respondent's argument and granted petitioner's motion for summary judgment, adjudicating the child to be abused, finding, among other things, that respondent's criminal conviction was entitled to preclusive effect notwithstanding the pendency of his criminal appeal. Respondent now appeals.
We affirm. Respondent's sole contention on appeal is that Family Court abused its discretion when it granted petitioner's motion for summary judgment and gave collateral estoppel effect to respondent's criminal conviction prior to the resolution of his pending appeal. We disagree. "[A] criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct" (Matter of Tavianna CC. [Maceo CC.], 99 AD3d 1132, 1133 [2012] [internal quotation marks and citations omitted], lv denied 20 NY3d 856 [2013]; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182-183 [1994]; Matter of Alexander TT. [Horace VV.], 141 AD3d 762, 763 [2016])[FN2]. Here, "[i]t is immaterial that [respondent] has taken an appeal from his criminal conviction, since the determinative issue is whether [he] had a full and fair opportunity to litigate his conduct during the course of his criminal trial, not whether he has exhausted every avenue of appeal from his conviction" (Matter of Khalil L. [Richard L.], 128 AD3d 698, 699 [2015] [internal quotation marks and citation omitted], lv denied 26 NY3d 904 [2015]).
The record establishes that respondent's conviction for sexual abuse in the first degree involved the same abuse allegations as set forth in the subject Family Ct Act article 10 petition. Upon our review of the record, including our review of the abuse petition, the indictment and the certificate of conviction, we find that petitioner sufficiently demonstrated its entitlement to summary judgment by "establish[ing] the required identity of issue and factual nexus between the underlying criminal conviction and the allegations made in the [abuse] petition" (Matter of Tavianna CC. [Maceo CC.], 99 AD3d at 1134 [internal quotation marks, brackets and citation omitted]; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 182-183; Matter of Alexander TT. [Horace VV.], 141 AD3d at 763; Matter of Sumaria D. [Madelyn D.], 121 AD3d 1203, 1205 [2014]; Matter of Denise GG., 254 AD2d 582, 583 [1998]). In opposition, respondent did not dispute the factual allegations contained in the abuse petition and otherwise failed to raise a triable issue of fact.
We are likewise unmoved by respondent's alternative contention that Family Court abused its discretion by not staying the subject Family Ct Act article 10 proceeding pending resolution of his criminal appeal. Notably, there is nothing in the record indicating that respondent ever requested such relief from Family Court, nor was Family Court under any affirmative obligation to grant this relief on its own motion (see Family Ct Act § 1061). In any event, contrary to respondent's assertion, the interests of justice and the child's interest in receiving timely and effective judicial review (see Family Ct Act § 1086) were both served when Family Court appropriately gave preclusive effect to respondent's conviction, as opposed to sua sponte staying further Family Court proceedings for an indeterminate amount of time pending the outcome of his criminal appeal. Importantly, should respondent ultimately prevail on his pending criminal appeal, there is nothing precluding him from thereafter petitioning Family Court for whatever relief he feels that he may be entitled to at that time.
Lynch, Devine, Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The nature of the relationship between respondent and the child is unclear. During the relevant time period, the child was in the physical custody of her maternal grandmother, and respondent was caring for the child pursuant to the grandmother's wishes and with her consent.

Footnote 2: It is well settled that the use of summary judgment as a procedural device in a Family Ct Act article 10 proceeding is appropriate where no triable issue of fact exists (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 182; Matter of Alexander TT. [Horace VV.], 141 AD3d at 763).