Matter of Aiden LL. (Christa LL.) (2018 NY Slip Op 08212)





Matter of Aiden LL. (Christa LL.)


2018 NY Slip Op 08212


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

524867

[*1]In the Matter of AIDEN LL. and Another, Alleged to be Neglected Children. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTA LL., Appellant. (Proceeding No. 1.)
In the Matter of AIDEN LL. and Another, Alleged to be Neglected Children. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LENIN NN., Respondent. (Proceeding No. 2.)

Calendar Date: October 9, 2018

Before: McCarthy, J.P., Devine, Mulvey, Rumsey and

 Pritzker, JJ.

John Ferrara, Monticello, for appellant.
Alexandra Bourne, Sullivan County Department of Social Services, Monticello, for Sullivan County Department of Social Services, respondent.
Towers & Associates, PC, New York City (Geanine Towers of counsel), for Lenin NN., respondent.
Jane Bloom, Monticello, attorney for the children.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered April 3, 2017, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent Christa LL. (hereinafter the mother) is the mother of two sons (born in 2013 and 2015). Respondent Lenin NN. (hereinafter the boyfriend) is the father of the younger child. At the time of these proceedings, both children resided with respondents. In July 2016, the older child's Head Start teacher observed two linear marks and bruising on the older child's face. After initially reporting that he sustained the injuries when he fell into a chair, the older child stated to the Head Start teacher later that day, "You see this? Daddy hit me." When questioned, respondents initially denied the allegation before ultimately admitting to authorities that the injuries had been inflicted by the boyfriend. Petitioner subsequently commenced these proceedings alleging that respondents had neglected both children. Following a fact-finding hearing, Family Court adjudicated the older child to be neglected and the younger child to be derivatively neglected by respondents. The mother appeals, and we affirm.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004] [internal citation omitted]; see Family Ct Act § 1012 [f] [i]). "When determining whether a parent or guardian has failed to exercise a minimum degree of care, the relevant inquiry is whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances" (Matter of Nathanael E. [Melodi F.], 160 AD3d 1075, 1076 [2018] [internal quotation marks and citations omitted]; see Matter of Mark WW. v Jennifer B., 158 AD3d 1013, 1015 [2018]). Further, "case law makes clear a child may be adjudicated to be neglected within the meaning of Family Ct Act § 1012 (f) (i) when a parent knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child and failed to act accordingly" (Matter of Warren RR. [Brittany Q.], 143 AD3d 1072, 1076 [2016] [internal quotation marks and citations omitted], lvs denied 29 NY3d 905 [2017]; accord Matter of Lillian SS. [Brian SS.], 146 AD3d 1088, 1089 [2017], lvs denied 29 NY3d 919, 992 [2017]).
At the fact-finding hearing, petitioner's caseworkers and law enforcement officials testified regarding interviews they conducted with the mother, the boyfriend and the older child. The older child reported to a State Police investigator that he has been hit in the face and legs by the boyfriend, at times with a belt. The investigator observed pronounced bruising around the older child's right eye, which was depicted in photographs admitted into evidence, and testified that such injuries were consistent with being struck with a belt. When questioned by investigators, the boyfriend admitted to "popping" the older child in the face for being rude to his mother. The mother likewise admitted to investigators that the older child's injuries had been caused by the boyfriend, explaining that the boyfriend swung his right arm and struck the child in the face. Notably, the mother acknowledged during her trial testimony that, prior to the incident in question, she had concerns that the boyfriend would strike the older child and that she and the boyfriend had "hit" the child as a form of discipline. Although the mother subsequently recharacterized the physical force that she and the boyfriend employed against the older child as "tapping," Family Court resolved this issue of credibility against the mother, finding instead that the credible evidence established a "parenting plan" in which "force [and] striking out was used[] as the standard form of discipline."
The uncontroverted evidence adduced at the fact-finding hearing further established that, after witnessing the boyfriend strike the older child, the mother took active steps to cover up the incident by fabricating a story about how the child sustained the injuries and coaching the child to lie about what had occurred. Testimony from petitioner's caseworkers revealed that, when questioned about the source of the older child's injuries, the mother and the boyfriend each claimed that the child had fallen into a chair — with the mother going so far as to physically act [*2]out the purported fall for one of the caseworkers. Moreover, a cell phone video introduced into evidence at the fact-finding hearing depicted the mother instructing the older child that "Daddy didn't hit you" and that "you have to let them know you hit your face on the chair." In light of the foregoing, and according great deference to Family Court's factual findings and credibility determinations (see Matter of Natalee M. [Nathan M.], 155 AD3d 1466, 1468 [2017], lv denied 31 NY3d 904 [2018]; Matter of Jade F. [Ashley H.], 149 AD3d 1180, 1182 [2017]), we find a sound and substantial basis for the court's determination that the mother neglected the older child. Simply put, the mother's willingness to expose the older child to an environment in which corporal punishment was used as a method of discipline coupled with her conduct following the incident in question — including her actions in contriving a story regarding the cause of the older child's injuries and then directing the child to keep the truth from authorities — amply demonstrate that the mother failed to be "a protective ally" for the older child (Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181, 1185 [2011]; see Matter of Jade F. [Ashley H.], 149 AD3d at 1183; Matter of Christine II., 13 AD3d 922, 922-923 [2004]; see also Matter of Natasha W. v New York State Off. of Children & Family Servs., 32 NY3d 982, 984 [2018]). We reach a similar conclusion regarding Family Court's finding that the mother derivatively neglected the younger child, as the mother's actions in this regard "demonstrate such an impaired level of parental judgment as to create a substantial risk of harm for any child in [her] care" (Matter of Stephanie RR. [Sullivan County Dept. of Social Servs.—Pedro RR.], 140 AD3d 1237, 1240 [2016] [internal quotation marks and citations omitted]; see Matter of Jade F. [Ashley H.], 149 AD3d at 1184; Matter of Alexander TT. [Horace VV.], 141 AD3d 762, 763 [2016]).
McCarthy J.P., Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.