Matter of Lilliana K. (Ronald K.) (2019 NY Slip Op 05358)





Matter of Lilliana K. (Ronald K.)


2019 NY Slip Op 05358


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

526769

[*1]In the Matter of LILLIANA K. and Another, Alleged to be Neglected Children. WASHINGTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RONALD K., Appellant.

Calendar Date: June 6, 2019

Before: Garry, P.J., Egan Jr., Clark and Devine, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Washington County Department of Social Services, Fort Edward (Daniel S. Martindale of counsel), for respondent.
Mary Cosgrove Militano, Scotia, attorney for the children.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from an order of the Family Court of Washington County (Michelini, J.), entered May 1, 2018, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner's motion for summary judgment.
Respondent is the father of two children (born in 2013 and 2014). On August 9, 2017, respondent was charged with endangering the welfare of a child based upon allegations that, while the subject children were under his supervision, he fell asleep for an extended period of time during which the children left the residence and were roaming the neighborhood for multiple hours unsupervised. As a result, on October 4, 2017, petitioner commenced this Family Ct Act article 10 proceeding against respondent alleging that, among other things, he failed to provide proper supervision of the children. In December 2017, while this petition was pending, respondent pleaded guilty to endangering the welfare of a child. Following respondent's conviction, petitioner moved for summary judgment on its neglect petition, alleging that, given respondent's conviction for endangering the welfare of a child, there was no triable issue of fact left to be determined, as his criminal conduct sufficiently established the necessary elements for a finding of neglect (see Family Ct Act § 1012 [f] [i] [B]). Family Court granted petitioner's motion for summary judgment and adjudicated the subject children to be neglected. Respondent appeals.
We affirm. Although not frequently invoked, summary judgment is an appropriate procedural device in a Family Ct Act article 10 proceeding where no triable issue of fact is found to exist (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]; Matter of Alexander TT. [Horace VV.], 141 AD3d 762, 763 [2016]). As relevant here, [*2]"a criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct" (Matter of Philomena V. [Shannon S.], 165 AD3d 1384, 1385 [2018] [internal quotation marks, brackets and citations omitted]; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 182-183; Matter of Alexander TT. [Horace VV.], 141 AD3d at 763). Defendant does not dispute that he had a full and fair opportunity to litigate his criminal conduct before the trial court; rather, he contends that the facts underlying his endangering the welfare of a child conviction do not similarly support a finding of neglect because there was insufficient proof submitted establishing that the children were in actual or imminent danger of physical, emotional or mental harm. In order to find a defendant guilty of endangering the welfare of a child, it must be proven that "[h]e or she knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]). In turn, "[t]o establish neglect, [a] petitioner must prove by a preponderance of the evidence that a child's physical, mental or emotional condition was harmed or is in imminent danger of harm as a result of a failure on the part of the parent to exercise a minimum degree of care" (Matter of Aiden XX. [Jesse XX.], 104 AD3d 1094, 1095 [2013] [internal quotation marks and citations omitted]; accord Lydia DD. [Khalil P.], 110 AD3d 1399, 1400 [2013]; see Family Ct Act § 1012 [f]).
In support of its motion, petitioner proffered, among other things, the affidavit of the Child Protective Services caseworker who investigated the complaint of neglect, the supporting deposition of the arresting officer filed in conjunction with the accusatory instrument charging respondent with endangering the welfare of a child and respondent's certificate of conviction. A review of the subject documentation demonstrates that the conduct underlying respondent's criminal charge and the neglect petition arose out of the same incident, establishing the requisite "factual nexus between the underlying criminal conviction and the allegations made in the neglect petition" (Matter of Tavianna CC. [Maceo CC.], 99 AD3d 1132, 1134 [2012] [internal quotation marks, brackets and citation omitted], lv denied 20 NY3d 856 [2013]; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 182-183; Matter of Philomena V. [Shannon S.], 165 AD3d at 1386).
Moreover, contrary to respondent's assertion, the factual allegations underlying respondent's conviction were adequate to support the finding of neglect. The arresting officer's supporting deposition indicates that, on August 9, 2017, he responded to respondent's home on two separate occasions after receiving complaints from concerned neighbors that the subject children had been wandering the neighborhood without supervision for an extended period of time. On the first occasion, a neighbor reported that the children — who were only three and four years old at the time — "had been running around with sharp scissors and attempting to damage cars" and that this had been an "ongoing issue." Upon arrival, the officer observed the children outside of the apartment complex and found the back door to respondent's residence to be wide open and respondent sleeping therein. The officer initially provided respondent with a warning; however, less than four hours later, the officer responded to respondent's residence a second time after another neighbor called 911 and reported that the subject children were running around near his residence, were very dirty and "had not eaten all [day] and were very hungry." Upon arrival, the officer again found the back door to respondent's residence to be wide open with respondent asleep inside; the officer then arrested him on the charge of endangering the welfare of a child. Based on the foregoing, we find that petitioner adequately established that respondent failed to exercise a minimum degree of care in providing proper supervision for the children that presented a real and imminent risk of harm to the child's physical, mental or emotional well-being (see Family Ct Act § 1012 [f] [i] [B]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; Matter of Olivia R. [Kaila G.], 138 AD3d 1122, 1123 [2016]; Matter of Raven B. [Melissa K.N.], 115 AD3d 1276, 1278 [2014]). In opposition, respondent did not question the underlying factual allegations, challenge the validity of his guilty plea or otherwise raise a triable issue of fact that required a hearing. Finally, although we agree that Family Court's fact-finding and dispositional order was sparse, even assuming, without deciding, that the factual recitation therein did not sufficiently state the grounds for the court's finding of neglect (see Family Ct Act § 1051 [a]), remittal is not necessary where, as here, the record on appeal was sufficient to allow [*3]this Court to make the requisite findings (see Matter of Alexisana PP. [Beverly PP.], 136 AD3d 1170, 1171 [2016]; Matter of Amber VV., 22 AD3d 967, 968 [2005], lv denied 6 NY3d 708 [2006]).
Garry, P.J., Clark and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.