Matter of Chevy II. (Christopher II.) (2020 NY Slip Op 01220)





Matter of Chevy II. (Christopher II.)


2020 NY Slip Op 01220


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

527459

[*1]In the Matter of Chevy II. and Others, Alleged to be Severely Abused, Abused and/or Neglected Children. Washington County Department of Social Services, Respondent; Christopher II., Appellant.

Calendar Date: January 13, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Roger A. Wickes, County Attorney, Fort Edward (Daniel S. Martindale of counsel), for Washington County Department of Social Services, respondent.
J. Mark McQuerrey, Cambridge, attorney for the children.



Aarons, J.
Appeal from an order of the Family Court of Washington County (Michelini, J.), entered August 27, 2018, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner's motion for summary judgment.
Respondent is the father of three children (born in 2004, 2007 and 2012). In January 2017, petitioner commenced this proceeding alleging that respondent severely abused, abused and/or neglected the oldest child and derivatively severely abused, abused and/or neglected the middle child and the youngest child. Petitioner alleged, among other things, that respondent, while in the same home as the other two children, engaged in inappropriate sexual contact with the oldest child by touching her breasts and vagina, performing oral sex on her and having her touch his penis. Petitioner further alleged that respondent viewed pornographic material with the oldest child. Around the same time that this proceeding was commenced, respondent was also charged in a multicount indictment with the crimes of sexual abuse in the first degree (two counts) and endangering the welfare of a child stemming from the same acts alleged in the petition. A jury trial was held, after which respondent was convicted as charged and sentenced to a term of imprisonment. Relying on respondent's conviction, petitioner thereafter moved for summary judgment. Following oral argument, Family Court granted petitioner's motion and found that the oldest child was severely abused and that the other two children were derivatively severely abused. Respondent appeals.
"Although rarely used, summary judgment is appropriate in a Family Ct Act article 10 proceeding where no triable issues of fact exist" (Matter of Alexander TT. [Horace VV.], 141 AD3d 762, 763 [2016] [citations omitted]; see Matter of Ilonni I. [Benjamin K.], 119 AD3d 997, 997 [2014], lv denied 24 NY3d 914 [2015]; Matter of Jadalynn HH. [Roy HH.], 93 AD3d 1112, 1113 [2012]). Respondent does not challenge Family Court's finding of severe abuse with respect to the oldest child. Rather, respondent contends that the court erred to the extent that it made a finding of derivative severe abuse as to the middle child and the youngest child. More specifically, respondent contends that such finding was incorrect due to the absence of evidence that the middle child or the youngest child was present during or aware of the abuse of the oldest child. We disagree.
Respondent's argument misconstrues the standard for a court to make a finding of derivative severe abuse. Contrary to his assertion, petitioner need not demonstrate that the middle child or the youngest child be present or aware of the acts of severe abuse directed at the oldest child. In this regard, "derivative findings of severe abuse may be predicated upon the common understanding that a parent whose judgment and impulse control are so defective as to harm one child in his or her care is likely to harm others as well" (Matter of Marino S., 100 NY2d 361, 374 [2003] [internal quotation marks and citation omitted], cert denied 540 US 1059 [2003]; see Matter of Loraida R. [Lori S.], 97 AD3d 925, 927 [2012]). In view of the acts at issue and taking into account that they occurred in the house where the middle child and the youngest child were also present, we cannot say that Family Court's finding of derivative severe abuse was erroneous. Respondent's remaining contention has been considered and is without merit.
Egan Jr., J.P., Lynch, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.